GEORGE G. BARKER, Treasurer for National Dredging Company, d. b. a., *vs.* JAMES L. DAVID, Administrator of Benjamin David, deceased, p. b. r.

*Justice of Peace—Appeal—Certificate of Justice; What it Must Contain—Statute—Practice.*

The statute (*Sec. 34, Rev. Code, 737,*) requires that the Justice shall file a duly certified copy of all the docket entries, and that must affirmatively appear in order for the Appellate Court to assume jurisdiction. The requirement of the statute is not met by a certificate that "the foregoing is a true copy of a judgment against ——, as it stands on my docket."

(*June 23, 1903.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Anthony Higgins* for appellant.

*Walter L. Willis* for respondent.

Superior Court, New Castle County, May Term, 1903.

APPEAL from a judgment rendered by a Justice of the Peace in and for New Castle County (No. 27, Sept. Term, 1890).

The certificate of the Justice was as follows:

"I hereby certify that the foregoing is a true copy of a judgment against George G. Barker, Treasurer for National Dredging Co., and in favor of James L. David, Administrator of Benjamin David, deceased, as it stands on my docket."

*Willis,* for respondent, moved to dismiss the appeal on the ground that the above certificate was defective in that it did not comply with the requirements of the statute (*Sec. 34, Rev. Code, 737*) requiring the Justice to send up a true transcript of all the docket entries in any case before him.

*Trimble, Sides & Co., vs. Dugan, 2 Pennewill, 524.*

*Higgins,* for appellant, contended that the decision in the case of *Trimble, Sides & Co. vs. Dugan* did not apply to the present case, and that when the Justice certifies that the transcript contains a true copy of a judgment " as it stands on my docket" it is the equivalent of saying " all the docket entries" as required by the statute.

LORE, C. J.—The statute, in order to bring the case before us as an Appellate Court, requires that the Justice shall file a duly certified *copy of all the docket entries,* and that must affirmatively appear in order for this Court to assume jurisdiction.

Let the appeal be dismissed.