PENINSULA CUT STONE COMPANY, d. b. a., *vs.* WILLIAM E. NIXON, p. b. r.

JUSTICES OF THE PEACE—APPEAL—ERRORS—WAIVER.

On appeal from a judgment of a justice of the peace, errors and irregularities in the justice's certificate to the transcript are waived, unless a motion is made to dismiss the appeal at the earliest opportunity, and before the moving party has pleaded in the case; and a motion to dismiss, made after he has pleaded, will be denied.

(*May* 18, 1912.)

Judges WOOLLEY and RICE sitting.

*Hugh M. Morris* (of *Saulsbury* and *Morris*) for appellant.

*Walter L. Willis* for respondent.

Superior Court, New Castle County, May Term, 1912.

APPEAL (No. 116, September Term, 1910) from a judgment of a justice of the peace.

Action before a Justice of the Peace against the Peninsula Cut Stone Company.  From the judgment of the justice in favor of plaintiff, defendant appeals.  On motion to dismiss appeal because of the insufficiency of the justice's certificate to the transcript.  Motion denied.

RICE, J., delivering the opinion of the court:

On the ninth day of September, A. D. 1910, the Peninsula Cut Stone Company filed a transcript in this court and entered an appeal from a judgment obtained, by William E. Nixon against the company, before a justice of the peace in this county.  The writ was made returnable at the September term, 1910, and is No. 116 to that term; the case has now been pleaded to issue and is placed on the calendar for trial at the present term.

The certificate of the justice to the transcript is as follows:

I, Washington Hastings, a justice of the peace in and for the county aforesaid, do hereby certify that the foregoing is a true and correct copy of this case as recorded in Judgment Docket A, p. 328.

In witness whereof I have hereunto set my hand and seal this twenty-sixth day of August, 1910.

[Signed]  Washington Hastings, J. P.

[Seal]

The defendant in this appeal makes a motion to this court that the appeal be dismissed, for the reason that the certification of the justice does not state the transcript to be "of all the docket entries in the case," as provided in *Section* 26, *Chapter* 99, *Revised Code, page* 755, and he claims that the terms of this section must be complied with, before this court has jurisdiction to hear an

appeal. In support of his contention he cites several cases in which the court has dismissed appeals when this question has been raised.

The plaintiff in the appeal contends that the form and substance of the certificate are not jurisdictional facts, and claims that such defects can only be taken advantage of, by the defendant in an appeal, at the earliest possible time and under no circumstances, can they be cause for dismissal, after the respondent has filed pleadings in the case.

The question presented to us is not a new one in this state, for the Court of Errors and Appeals in 1847, in the case of *Lewis v. Hazel*, 4 *Harr*. 470, decided that the provisions of § 24 and 40, *Dig. Del. Laws*, *pp*. 343, 353, which are similar to and provide for the same things as *Section* 26, *Chapter* 99, of the present *Code*, were provisions which did not go to the jurisdiction of the appeal court, and, to take advantage of a failure to comply with these provisions, the defendant must make application for the appeal to be dismissed, at his earliest opportunity and before he had pleaded in the case, otherwise it would be considered that he had waived the requirements of the statute.

Chief Justice Booth in delivering the opinion of the majority of the court in that case said:

"The whole of this argument is founded in misconception, and hence the wrong application to this case, of a sound principle of law. By jurisdiction is meant that power which is conferred by law, upon a court, judge, or magistrate, to hear and determine the subject matter in controversy between litigating parties. Jurisdiction is conferred by statute on the Superior Court to hear and determine the subject-matter of appeals from justices of the peace; and the transcript of the docket entries of the justice is required to be filed, not to confer jurisdiction, but to enable the court to exercise the jurisdiction conferred by law; that is, to hear and determine the subject matter in controversy. The transcript is for the purpose of giving the court cognizance of the appeal, and in this respect is in the nature of process requiring a party to appear and answer to a suit where the court possesses original jurisdiction over the subject matter. If the court never

had jurisdiction, no consent of parties can give it.   Therefore, if an appeal be taken where the statute confers on the court, no appellate jurisdiction, the appeal will be dismissed in any stage of the cause.   But any irregularity or defect in the process, or other form of proceeding by which cognizance of a case is given to a court of which it possesses original or appellate jurisdiction, may be waived by the party for whose benefit such process or form of proceeding is required.   If he does not take advantage of the irregularity or defect at the earliest period, he is considered as having waived it.   In the present case, if the respondent chose to avail himself of the want of a scroll to the justice's certificate of the transcript, he was bound to make the objection at the term to which he was summoned to appear, or before he did any act from which a waiver could be implied.   Neglecting to do so, and having pleaded to the declaration and gone to trial, the defect has been waived.   It is an admission by him that the transcript is in proper form, and operates as an estoppel against his alleging otherwise."

This decision was followed by the court in the case of *Waters v. Kirby*, 1 *Houst.* 364, when the court refused to dismiss the appeal, but gave leave to the justice to amend his certificate.   In that case it appeared that the plaintiff had filed his pro narr. before making the application to dismiss the appeal.

In the case of *Hill v. Ableman*, 1 *Marv.* 401, 41 *Atl.* 92, in which the appeal was dismissed, while it does not affirmatively appear in the report of the case that the application to dismiss was made before the respondent had pleaded, it does appear that the application was made at the return term of the writ, and the reasonable inference is that pleadings had not been filed by the respondent.

Of the cases cited by the plaintiff, several were decided before the decision of the higher court in *Lewis v. Hazel*, to which we have before referred, and the others we believe to be in point are the cases of *Barker v. David*, 4 *Penn.* 395, 55 *Atl.* 334, and an unreported case, 83 *Atl.* —.   In the case of *Barker v. David*, Chief Justice Lore in dismissing the appeal, said: "The statute, in order to bring the case before us as an appellate court, requires that the justice shall file a duly certified copy of all the docket entries,

and that must affirmatively appear in order for this court to assume jurisdiction.

In the report of that case it appears that the only case cited to the court was the one of *Trimble, Sides & Co. v. Dugan*, 2 *Penn.* 524, 47 *Atl.* 1008, in which case the appeal was dismissed. In *Trimble v. Dugan* the application was made at the return time of the writ and evidently before the respondent had pleaded, and it is reasonable to believe that the distinction between the *Trimble case* and the one then under consideration was not called to the attention of the court at the time. If it had, or had the decision of the Court of Errors and Appeals in *Lewis v. Hazel*, been called to their attention, it can be assumed that the appeal would not have been dismissed in the case then under consideration.

In the unreported case of *Schwartz and Schagrin, d. b. a., v. Jennie Gray, p. b. r.*, summons sur appeal, New Castle County, February term, 1900, cited by the defendant, there is nothing to inform this court that the court's attention was called to the fact that the application was made at a time subsequent to the appearance term and after pleadings had been filed by the respondent, and we are of the opinion that failure of the respondent in this respect has been largely responsible for the several decisions inconsistent with the decision of the Court of Errors and Appeals on the case of *Lewis v. Hazel*.

The decision of the court of last resort, in this state controls this and all subsequent cases upon the point raised, until it is reversed or modified by the Supreme Court.

The motion to dismiss is therefore refused.