CARROLL P. MARSTON

*vs.*

THE F. C. TIBBETTS MERCANTILE COMPANY.

Cumberland.    Opinion July 2, 1913.

*Abatement.   Amendment.   Attachment.   Corporation.   Plea in Abatement.*

1. When a party is sued by a wrong name, it is a matter of defense in abatement, and is waived by a failure to plead the misnomer, whether the defendant appears or makes default.
2. Misnomer of parties must always be pleaded in abatement, or the right of exception will be lost.
3. The plaintiff in attachment will usually be allowed to amend his pleadings as in other actions, without affecting the attachment, provided such amendment will not change the cause of action.
4. The amendment is clearly allowable and is within the purview of Chapter 84, Section 10 of Revised Statutes, as it corrects a clerical error, and does not let in a new cause of action.

On report.  Plea in abatement is sustained.  Amendment allowed.

The plaintiff on the eighth day of March, 1912, brought this action against The F. C. Tibbetts Mercantile Company, describing the defendant as a corporation organized and existing under the laws of Maine and located at Portland, in the County of Cumberland and State of Maine.  The defendant was a foreign corporation and was organized under the laws of Arizona.  The sheriff, by virtue of said writ, attached personal property of The F. C. Tibbetts Mercantile Corporation organized under the laws of Arizona, and the writ was properly served upon the proper officer of said corporation.  The defendant seasonably filed a plea in abatement and the plaintiff filed a motion to amend his writ by striking out the words "of the State of Maine."

The case was, by agreement of parties, reported to the Law Court upon an agreed statement of facts, the Law Court to determine

whether or not the plea in abatement shall be sustained, and if it be, whether the proposed amendment is allowable, and if the writ is amended accordingly, whether or not said amendment vacates the attachment.

The case is stated in the opinion.

*Connellan & Connellan,* for plaintiff.

*I. E. Vernon,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HANSON, JJ.

HANSON, J.   This case comes up on report, with an agreed statement as follows:

The plaintiff on the eighth day of March, A. D. 1912, brought his action against the F. C. Tibbetts Mercantile Company. The writ was returnable at the October Term of the Supreme Judicial Court. The plaintiff in his writ described the defendant as "The F. C. Tibbetts Mercantile Company, a corporation organized and existing under the laws of the State of Maine, and located at Portland in the County of Cumberland and State of Maine." The defendant corporation was not organized under the laws of the State of Maine, but was a foreign corporation, and was organized under the laws of the State of Arizona. The sheriff, by virtue of said writ, attached personal property of The F. C. Tibbetts Mercantile Company, organized under the laws of Arizona. After entry, the defendant seasonably filed its plea in abatement, and the plaintiff filed a motion to amend by striking out the words "of the State of Maine." It was not in dispute but that the corporation, organized under the laws of Arizona, was the corporation against which the plaintiff intended instituting his suit, and further that the proper officer of the Arizona corporation was properly served upon; it was further not in dispute that there was no such Maine corporation as The F. C. Tibbetts Mercantile Company.

"This cause is reported to the Law Court upon the foregoing statement of facts by agreement of the parties; the Law Court to determine whether or not the plea in abatement shall be sustained and, if it be, whether the proposed amendment is allowable, and if the writ is amended accordingly whether or not said amendment vacates the attachment."

The questions raised will be considered in the order named.

1.   The plea in abatement is well founded, and is sustained.   *Gilbert* v. *Nantucket Bank,* 5 Mass., 97.

Misnomer of parties must always be pleaded in abatement or the right of exception is lost.   *Ibid.*

That a party is sued by a wrong name is matter of defense in abatement, and is waived by a failure so to plead the misnomer, whether the defendant appears or makes default.   *First Nat'l Bank of Baltimore* v. *Jaggers,* 100 Am. Dec., 53, and cases cited.

2.   The amendment proposed is clearly allowable, and is within the purview of Chapter 84, Sec. 10, R. S., which provides that "no process or proceeding in courts of justice shall be abated, arrested or reversed, for want of form only, or for circumstantial errors or mistakes which by law are amendable, when the person and case can be rightly understood.   Such errors and defects may be amended, on motion of either party, on such terms as the court orders."   The amendment corrects a clerical error, and does not let in a new demand, or new cause of action.   The original declaration is not affected, and the defendant is not surprised or injured thereby. It can understand the case as well after as before the amendment, and its plea and defence, so far as the merits of the case are concerned, will be the same as before the amendment.   The amended writ will be treated as it would have been, if so made, when the suit was commenced, as between the parties thereto.   *Wentworth* v. *Sawyer,* 76 Maine, 434; *Chase* v. *Kenniston,* 76 Maine, 209, and cases cited.   Courts are liberal in the allowance of amendments, and by the statute, Chap. 84, Sec. 10, supra, mere defects in form and circumstantial errors and mistakes may be amended.   *Willoughby* v. *Atkinson Furnishing Co.,* 93 Maine, 185; *Chapman* v. *Nobleboro,* 76 Maine, 427; *Griffin* v. *Pinkham,* 60 Maine, 123.   In *Hayes* v. *Rich,* 101 Maine, 314, the words describing plaintiff as administrator were stricken out as merely *descriptio personae,* and he was allowed to take judgment in his individual capacity.   *Bragdon* v. *Harmon,* 69 Maine, 29; *Fleming* v. *Courtenay,* 95 Maine, 128; *same* v. *same,* 98 Maine, 401.

3.   The amendment will not vacate the attachment.   In *Wentworth* v. *Sawyer,* supra, hay in a mow was attached on mesne pro-

cess. The writ was amended by striking out the middle letter in the name of the defendant, and it was there held "that such amendment will not dissolve an attachment of personal property when the suit is between the original parties, and no rights of third persons intervene." The court in reaching this conclusion quotes from a leading Massachusetts case: "The power of our courts," as remarked by Morton, C. J., in *Cain* v. *Rockwell,* 132 Mass., 194, "to allow amendments is very broad." In that case the name of the plaintiff was amended by substituting "Ann" Cain for "Mary" Cain, thus correcting a mere clerical error or misnomer, as the court there say. The rights of third persons had intervened by assignment of the funds attached on trustee process, but the court held that the amendment was rightly allowed, and that the attachment of the funds was not vacated so as to give the assignment to the claimant, made before the amendment, the preference over the attachment. "Amendments in form merely, will not dissolve an attachment so as to let in subsequently attaching creditors, or discharge bail. To have this effect, the amendment must be such as may let in some new demand, or some new cause of action." *Haven* v. *Snow,* 14 Pick., 28; *Page* v. *Jewett,* 46 N. H., 444; *Gooch* v. *Bryant,* 13 Maine, 386; *Patten* v. *Starrett,* 20 Maine, 145; *Anderson, Admx.* v. *Wetter,* 103 Maine, 257.

The plaintiff in attachment will usually be allowed to amend his pleadings as in other actions, without affecting the attachment, provided such amendment will not change the cause of action. 4 Cyc. Law and Procedure, 820, and cases cited.

The entry will be,

> *The plea in abatement is sustained.*
> *Amendment allowed.*