FREDERICK D. BEVERIDGE and SAMUEL T. BEVERIDGE, trading in the name, style and firm of HARVEY, BLAIR and COMPANY, p. b. a., *vs.* FRANK A. SHIPLEY, GEORGE R. TRIMBLE and JAMES A. MORGAN, trading in the name, style and firm of SEAFORD POTATO CHIP COMPANY, d. b. r.

JUSTICES OF THE PEACE—PRO NARR. WILL NOT BE AMENDED BY CHANGE OF NAMES ON APPEAL FROM JUSTICE OF PEACE TO SUPERIOR COURT.

In partner's action before a justice of the peace in the name "Frederick D. B. and Samuel T. B., trading in the name, style and firm," etc., *held* on partner's appeal to Superior Court, in the name of "Frank D. B. and Stephen T. B.," to amend the pro narr. by substituting the names Frank and Stephen, the correct names of such partners, in place of the names Frederick and Samuel, that the motion will be denied and the appeal dismissed.

(*October* 11, 1918.)

RICE and HEISEL, J. J., sitting.
*Woodburn Martin* for plaintiffs.
*Andrew J. Lynch* for defendants.
Superior Court for Sussex County, October Term, 1918.

APPEAL No. 40, October Term, 1913.

Action before a justice of the peace by Frederick D. Beveridge and Samuel T. Beveridge, trading as Harvey, Blair & Co., against Frank A. Shipley, George R. Trimble and James A. Morgan, trading as Seaford Potato Chip Company. Judgment for defendants. *Frank* D. Beveridge and *Stephen* T. Beveridge appeal. On motion to amend pro narr. by striking out the name "Frederick" and substituting therefor the name "Frank," also the name "Samuel" and substituting therefor the name "Stephen," wherever the said first two names appear in the pro narr. Motion denied. Appeal dismissed.

The motion to amend was supported by the affidavit of *Frank* D. Beveridge, in which he deposeth *inter alia*, in substance, that he and *Stephen* T. Beveridge were and are copartners, trading as Harvey, Blair & Co., that as copartners they brought an action before the justice against the defendants below for breach of contract; that the deponent had recently been informed, that the said suit was erroneously instituted, and the appeal afterwards docketed in the name of "Frederick D. Beveridge and Samuel T. Beveridge, trading in the name, style and firm of Harvey, Blair & Co."; and that said suit was intended to be instituted in the name of Frank D. Beveridge and Stephen T. Beveridge, trading, etc., they being the individuals with whom the contract sued upon was made by the defendants.

In support of the motion, it was urged for the plaintiffs that the application is simply to correct a misnomer, or mistake in the Christian names of the individuals composing the plaintiff firm; that it is made by the indentical individuals who brought the suit, and who were intended to be made plaintiffs, and that the amendment, if allowed, will not substitute a new party; that the defendants are now in court to make answer to the complaint of Harvey, Blair & Co., the firm with which the contract sued upon was made; that the allowance of the amendment can work no hardship upon the defendants, as they will have ample opportunity to make their defence; that the refusal of the amendment will bar a recovery, as the statute of limitations has now begun to run against the cause of action, and a new suit; that a

large discretion is given to the court, both by the Constitution and the statute, in allowing amendments that will assist the determination of causes upon their merits. *Waples & Wife v. McIlvaine's Adm'r*, 5 *Har.* 381; *McColley & Bro., use of Warren v. Collins*, 5 *Har.* 391; *Harmon v. Collins*, 2 *Pennewill* 36, 45 *Atl.* 541; *Bellah v. Hilles*, 2 *Pennewill* 34, 43 *Atl.* 89; *Benjamin v. Boyce*, 2 *Har.* 316; 1 *Woolley Del. Prac.* § 321; *P., B. & W. R. R. Co. v. Gatta*, 4 *Boyce* 51 (6), 85 *Atl.* 721, 47 *L. R. A.* (*N. S.*) 932, *Ann. Cas.* 1916E, 1227; *Id.* 1 *Boyce* 299, 76 *Atl.* 56; *Cirwithin v. Mills*, 2 *Marv.* 232, 43 *Atl.* 151; *Smith v. School District*, 1 *Pennewill* 401, 42 *Atl.* 368.

For the defendants it was contended that the names of the parties to a suit before a justice of the peace can not be changed on appeal to the Superior Court, and that the proposed amendment would result in changing the names of the parties to the suit before the justice, which cannot be done.

*Per Curiam:*—The motion is denied, the appeal dismissed, and judgment is entered for the defendants for costs.