JULIAN C. MORRISON, d. b. a., *vs.* HARRY MONTGOMERY, p. b. r.

JUSTICES OF THE PEACE—REVIEW—SERVICE OF SUMMONS.
   Where defendant in an action before a justice entered an appeal, it became necessary that respondent be summoned to appear and answer, in view of *Rev. Code* 1915, § 4036, and on return of summons non est inventus an alias summons should have been issued at least before the next term, the failure to secure which amounts to neglect to prosecute, and authorizes dismissal.

(*November* 25, 1918.)

BOYCE and RICE, J. J., sitting.
*Artemas Smith* for the appellant.
*P. Warren Green* for respondent.
Superior Court, New Castle County, November Term, 1918.

APPEAL No. 147, September Term, 1918.

   Action by Harry Montgomery against Julian C. Morrison before a justice of the peace.   Judgment for plaintiff, and defendant appeals.   On motion to dismiss the appeal.   Appeal dismissed.

   Special appearance by respondent's attorney for the purpose of moving that the appeal be dismissed for the reason that the appellant had neglected to prosecute it.

It appeared that the appeal was duly entered on Saturday next preceding Monday, the first day of the succeeding term of court.

Summons was issued to the sheriff for summoning the respondent, returnable on the first day of said term, and the sheriff made return thereon of non est inventus. No alias summons was issued. At the time the motion to dismiss the appeal was made, at the second term, the respondent had not been summoned to appear and answer the appeal contrary to *Rev. Code* 1915, § 4036.

Counsel for appellant contended that the respondent had notice of the appeal from the docket entry of the prothonotary ruling him to file narr.

BOYCE, J.:—The defendant in the action before the justice, having entered an appeal in this court, it became necessary that the respondent should be summoned to appear and answer the appeal. On the return of the summons with the sheriff's return thereon of non est inventus, an alias summons should have been issued, at least before the next term. 2 *Woolley, Del. Prac.* § 1427. It is too late to do so now. This failure amounts to neglect to prosecute the appeal. It is, therefore, dismissed, and the prothonotary is directed to remit the record to the justice and enter judgment for the respondent for costs.