SAMUEL LEVITON, trading as The Star Wall Paper and DECORATING COMPANY, p. b. a., *vs.* JAMES J. WALSH and NELLIE C. WALSH, d. b. r.

1. JUSTICES OF THE PEACE—APPEAL—SUMMONS.

On appeal from justice of the peace to superior court on the return of the summons with sheriff's indorsement thereon of non est inventus, an alias summons should be issued before the next term; issuance after intervening term being too late.

2. JUSTICES OF THE PEACE—APPEAL—SUMMONS—GENERAL APPEARANCE.

On appeal from justice of the peace to superior court, where an alias summons upon return of summons with the sheriff's indorsement of non est inventus was not issued until after intervening term, a general appearance by respondent cured the defect.

3. JUSTICES OF THE PEACE—APPEAL—ENTRY OF SURETY.

On appeal from justice of the peace to superior court, where entry of surety required by *Rev. Code* 1915, § 4035, was not made in the personal name of the appellant, in which he had brought the action, but in the name of a company under which he did business, the appeal will be dismissed.

(*March* 25, 1919.)

BOYCE and CONRAD, J. J., sitting.

*Aaron Finger* with *Robert H. Richards* for appellant.

*Herbert H. Ward, Jr.,* (of Ward, Gray and Neary) for respondent.

Superior Court for New Castle County, March Term, 1919.

APPEAL, No. 80, November Term, 1918.

Action before a justice of the peace by Samuel Leviton, trading as the Star Wall Paper and Decorating Company, against James J. Walsh and Nellie C. Walsh. Judgment for defendants, and plaintiff appeals. On motion to quash alias summons. Motion granted.

Counsel for respondent, after a general appearance, a few days before the present term, moved to quash the alias summons on the ground that the return of the summons to the November term, 1918, was non est inventus, and that the alias summons was not issued returnable to the next succeeding January term, as required by the statute, but to the present March term.

It was contended for the appellant that, whether the alias summons was quashed or not, general appearance of the respondent cured the defect relied on.

BOYCE, J:—[1, 2]  As was said in *Morrison v. Montgomery*, *ante*, 105 *Atl.* 425, on the return of the summons with the sheriff's indorsement thereon of non est inventus, an alias summons should be issued before the next term.  This was not done in this case.  The issuance of the alias summons, after an intervening term, was too late.  We think, however, that general appearance, having been entered for the respondent, it is in effect equivalent to service, and cures any defect arising by reason of the failure to issue the alias summons in proper time.

Let the alias summons be quashed.

Whereupon counsel for respondent moved to dismiss the appeal on the ground that it appears from the entry of surety, required by the statute (*Rev. Code* 1915, § 4035), as shown by the transcript of the justice filed in this case, appeal was taken by "the Star Wall Paper and Decorating Company."

Counsel for the appellant contended that the motion comes too late (*Townsend v. Stewart*, 4 *Har.* 94; *Lewis v. Hazel*, 4 *Har.* 470; *Peninsula Cut Stone Co. v. Nixon*, 3 *Boyce*, 339, 83 *Atl.* 1081), and also that the appellant had a right to adopt and use his trade-name in taking the appeal.

BOYCE, J:—[3]  Under the statute, only a party, or his agent or attorney, is entitled to an appeal.  The Star Wall Paper and Decorating Company was not the party plaintiff in the action before the justice of the peace, neither is it the appellant in this court.  The entry of surety, on praying for an appeal, as required by the statute, is for the benefit of the appellee, and the appeal must be taken in conformity with the requirement of the statute.

The appeal is dismissed.