CONSOLE MASTER SPEAKER CORPORATION, a corporation of the State of Delaware, *vs.* MUSKEGON WOOD PRODUCTS CORPORATION, a corporation of the State of Delaware.

(*March* 14, 1928.)

PENNEWILL, C. J., RICE and RODNEY, J. J., sitting.

*Clarence A. Southerland* for plaintiff.
*James I. Boyce* for defendant.

Superior Court for New Castle County, September Term, 1927.

No. 81, January Term, 1927.

PENNEWILL, C. J., delivering the opinion of the Court:

■ Would the amendment, if allowed, change the party plaintiffs:

The Delaware Constitution, *section* 24 of *article* 4, provides that:

"In civil causes, when pending, the Superior Court shall have the power, before judgment, of directing, upon such terms as it shall deem reasonable, amendments, impleadings and legal proceedings, so that by error in any of them, the determination of causes, according to their real merits, shall not be hindered."

*Section* 4430 of the *Revised Code* provides as follows:

"In any civil cause pending before the Superior Court, the said Court shall have power, at any time before judgment, to allow amendments either in form, or substance, of any process, pleading or proceeding, in such action, on such terms as shall be just and reasonable."

These provisions, which are substantially similar, are as broad and liberal as could be, consistent with the rights of parties to the suit. The purpose of the provisions is to secure the determination of causes according to their real merits.

·To accomplish such purpose it has been the practice of this Court to allow any amendment to the process, pleadings or pro- .

ceedings that did not involve the change of parties or work an injury to the opposing party, no matter whether it went to form or substance. Such being the law and the practice in this as well as in other states, it is not necessary to cite authorities to sustain it, but the following Delaware cases may be mentioned: *Benjamin v. Boyce*, 2 *Harr.* 316; *Townsend v. Townsend*, 2 *Harr.* 277; *McColley v. Collins*, 5 *Harr.* 391; *Waples v. Adkins*, 5 *Harr.* 381; *Hughes v. Diamond Match Co.*, 1 *Penn.* 140, 39 *A.* 772; *Harmon v. Collins*, 2 *Penn.* 36, 45 *A.* 541; *Bellah v. Hilles*, 2 *Penn.* 34, 43 *A.* 89; *Lapham v. P. B. & W. R. R. Co.*, 4 *Penn.* 421, 56 *A.* 366; *Gatta v. P. B. & W. R. R. Co.*, 1 *Boyce*, 293, 76 *A.* 56; *Beveridge v. Shipley*, 7 *Boyce*, 579, 110 *A.* 44.

In the case of *Bellah v. Hilles* the Court permitted the process, in foreign attachment, to be amended. It is, therefore, particularly in point.