HAROLD B. HACKETT *v.* BETHLEHEM STEEL COMPANY, a corporation of the State of Pennsylvania.

(*January* 16, 1933.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*James R. Morford* for plaintiff.

*Caleb S. Layton* (of Richards, Layton and Finger) for defendant.

Superior Court for New Castle County, No. 56, September Term, 1931.

---

PENNEWILL, C. J., delivering the opinion of the Court:

In this case the plaintiff has presented a petition asking leave to amend the præcipe, summons, Sheriff's return and declaration by changing the name of the party defendant from "Bethlehem Steel Company, a corporation of the State of Pennsylvania," to "Bethlehem Steel Company, a corporation of the State of Delaware."

There were three corporations existing at the time suit was brought and very similar in name, viz:, The Bethlehem Steel Company of the State of Pennsylvania; the Bethlehem Steel Company of the State of New Jersey; and the Bethlehem Steel Company of the State of Delaware.

The plaintiff's injuries, for which he seeks to recover in this action, were received in the service of the Bethlehem Steel Company of Delaware. Negotiations were in progress for some time after the injury, between the plaintiff and the agent of an insurance company, looking to a settlement of plaintiff's claim, but they were unsuccessful. Soon thereafter, and a short time before the statute of limitations would run against the claim, the plaintiff entered his suit.

The defendant contends that the Court should not allow the amendment asked for after the Statute of Limitations had begun to run, because it would deprive the defendant of a good and legal defense to the action; and also because under the well settled law of this State the Court cannot permit an amendment which would change a party to the action.

The plaintiff says his suit was brought against the Pennsylvania corporation by mistake, caused by similarity of corporate names, and the impossibility of telling, at the time, in what company's service the plaintiff was engaged at the time of his injury. He further says the name of the

State is not an essential part of the corporate name and may be regarded as a matter of description only. And the plaintiff insists that his mistake in bringing the suit was caused, not only by the confusion of names, but also by misrepresentations made by persons representing the defendant company or the Delaware company.

But an examination of the affidavits filed in support of plaintiff's petition does not convince the Court that any misrepresentations were made by said companies, or their agents, that misled the plaintiff to his prejudice, or were calculated to deceive him in bringing his suit.

In the last analysis, therefore, the question the Court must decide is, whether the proposed amendment would effect a change of the party defendant.

The plaintiff claims that it would not, and cites cases from other States in support of his position including: *Hernan v. Amer. Bridge Co. (C. C. A.)*, 167 *F*. 930, 938; *Bainum v. Amer. Bridge Co. (C. C.)*, 141 *F*. 179; *Caldwell Furnace Co. v. Peck-Williamson Heating & Vent. Co.*, 27 *Ohio Cir. Ct. R.* 665, affirmed 73 *Ohio St.* 396, 78 *N. E.* 1134; *Crafts v. Sikes*, 4 *Gray (Mass.)* 194, 64 *Am. Dec.* 62; *Cain v. Rockwell*, 132 *Mass.* 194; *Marston v. Tibbetts Merc. Co.*, 110 *Me.* 533, 87 *A.* 220; *Fildew v. Stockard*, 256 *Mich.* 494, 239 *N. W.* 868.

The plaintiff has cited certain cases to show that the corporate name may be regarded as matter of description and in this class mentions the Delaware case of *Console Master Speaker Corp. v. Muskegon Wood Prod. Corp.*, 4 *W. W. Harr.* (34 *Del.*) 1, 141 *A.* 109. But this case cannot be regarded as an authority for his contention.

The defendant refers to the following Delaware authorities as opposed to the amendment asked for: *Woolley*, § 132; *Hughes v. Diamond Match Co.*, 1 *Penn.* 140, 39 *A.* 772, 773; *Console Case, supra; Leviton v. Walsh*, 7 *Boyce* 295, 105 *A.* 838; *Beveridge v. Shipley*, 7 *Boyce* 579, 110 *A.* 44; *McColley v. Collins*, 5 *Harr.* 391; *Bellah v. Hilles*, 2

*Penn.* 34, 43 *A.* 89; *Harmon v. Collins,* 2 *Penn.* 36, 45 *A.* 541; *Carr v. Buchanan,* 5 *Boyce* 254, 92 *A.* 875; *Barber v. Clendaniel,* 7 *Boyce* 11, 102 *A.* 84; *Lapham v. R. R. Co.,* 4 *Penn.* 421, 56 *A.* 366; *Waples v. Adkins,* 5 *Harr.* 381.

'[1] In view of the Delaware cases we think it unnecessary to comment on the cases decided in other jurisdictions, because we feel bound to follow prior decisions of this Court unless clearly convinced that they are erroneous.

We will, however, quote the following from the opinion in the case of *Hernan v. Amer. Bridge Co., supra,* upon which the plaintiff largely relies:

"We turn, then, to inquire whether the American Bridge Company of New Jersey will suffer any injury if the course which we think is within the power of the court, and which we propose, is adopted. None has been suggested, and we can conceive of none, unless it be that the defendant will be deprived of the benefit of the statute of limitations. Perhaps it would be sufficient to say that in the circumstances of this case it is not entitled to the benefit of it. But, further, it is not in general regarded as a right to be protected against the justice on which the right to amend is given. On the contrary, it is deemed by the courts that the utter loss of his cause to the plaintiff is a strong reason for affording him relief. * * * The substantive cause of action remains the same, the plaintiff is the same, and the party who caused the injury to him is the same. The process sued out is right enough. The petition contains a mistake in describing the intended defendant, and the mistake is one easily condoned when it is learned that there were two corporations bearing the same name. * * * The description of the defendant did not touch the merits, but was made only for the purpose of showing federal jurisdiction. The added words of description were not part of the name of the corporation. If the American Bridge Company of New Jersey had executed an obligation by its proper corporate name, but had described itself as a corporation organized under the laws of New York, on the facts being made to appear, doubtless the misdescription of the state where it had been incorporated would have been held immaterial to the validity of the obligation. It would seem to us, independently of any intended diversion by the dual agent, or of any masking of the real defendant, and supposing there was a mutual error on the part of the plaintiff and defendant's agent, enough would remain to justify the amendment when the error became known, rather than to turn the plaintiff off without a trial, and with a lost cause of action. We have adverted to circumstances tending to show that the plaintiff's continuance in his mistake was due in part, at least, to the misleading dalliance of the counterfeit defendant, and, if our animadversions are well founded, they strengthen the reasons for correcting the error which occurred."

In that case some of the facts were obviously different from those in the case before this Court, and were more favorable to plaintiff's application. The summons was served on the agent of the real defendant. The Court permitted the declaration to be amended.

 We regard it entirely unnecessary to discuss the question, whether, under the law of this State an amendment may be allowed that would change the name of a party to the suit. The law is so well settled by decisions of this Court that we cannot disregard it.

The only question then is, would the amendment the plaintiff seeks have that effect?

A question exactly similar in this regard to the one raised here was passed upon by this Court, three Judges sitting, in the case of *Hughes v. Diamond Match Company* already mentioned. In that case a mistake was made in describing the defendant as a corporation of the State of Connecticut instead of a corporation of the State of Illinois. The application was to amend the declaration by striking out the word "Connecticut" and substituting the word "Illinois."

The Court said in refusing the motion to amend:

"We think this is not a matter of description, but that it is substituting and making an entirely new and distinct party."

In that case the summons had been served on the Manager of the Illinois corporation and the application was to amend the declaration.

In the *Console-Muskegon Case,* also above mentioned, there was an application to change the title of the plaintiff from Console Master Speaker Corporation to Console Master Speaker Company. The Court said:

"To accomplish such purpose it has been the practice of this Court to allow any amendment to the process, pleadings, or proceedings that did not involve the change of parties or work an injury to the opposing party, no matter whether it went to form or substance. Such being the law and the practice in this as well as in other states,

it is not necessary to cite authorities to sustain it, but the following Delaware cases may be mentioned. ❋ ❋ ❋"

This opinion, the defendant says, is peculiarly applicable to the present case in that the allowance of the amendment would deprive the defendant of the benefit of the Statute of Limitations and thus work an injury to the defendant. In that case it was held that changing the word "corporation" to "company" did not make a change of party.

Without further discussing the authorities we feel warranted in saying that under the law as heretofore declared by this Court, the State of incorporation cannot be regarded as descriptive only, and that a substitution of the words in the title, of "State of Delaware" for "State of Pennsylvania," would make a change in the party defendant. Certainly this Court, in view of its former decisions, would not be justified in holding otherwise.

The petition of plaintiff is refused.