ELBERTA CRATE & BOX COMPANY, Plaintiff and Appellee, *v.* NITRATE AGENCIES CO., STANDARD FRUIT COMPANY OF PORTO RICO, STANDARD GROVES, INC. and JUAN RAMÓN RAMOS, Defendants and Appellants. SAME, Plaintiff and Appellant, *v.* SAME, Defendants and Appellees.

Nos. 8235 and 8236. Argued May 21, 1941.—Decided May 27, 1941.

*Henry G. Molina,* for the Nitrate Agencies Co.; *Rafael Buscaglia,* For Standard Groves Inc., and Juan Ramón Ramos; *Dubón & Ochoteco* and *Rodrigo Otero Suro,* for appelles.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The judgment from which these two appeals were taken was rendered on a demurrer for want of facts sufficient to

constitute a cause of action. Consequently, we shall proceed to summarize the averments of the complaint in order to determine then if, as it is held by the plaintiff appellant, said complaint states facts sufficient to constitute a cause of action.

We shall take the amended supplementary complaint as a starting point, for it was against it that the demurrer which caused the judgment appealed from was filed. In brief it says: that the plaintiff, Elberta Crate & Box Co., on August 2, 1934, filed in the lower court Civil Suit No. 21,379 of said court, against the Standard Fruit Co. of Puerto Rico, to collect on certain notes that are described in the complaint, the sum of $4,000 as principal. That to secure the effectiveness of the judgment that could be rendered in its favor, the plaintiff, and on the same day, August 2, 1934, attached four properties of the said defendant. The attachment of the said four properties was registered in the Registry of Property of San Juan, Second Section, on August 3, 1934. That on August 31, 1934, judgment was rendered in the said case No. 21,379, which became final, and whereby the defendant, Standard Fruit Co. of Puerto Rico, was ordered to pay to the plaintiff the amounts claimed. That the said judgment has not been paid in whole or in part and that according to the information and belief of the defendant, the said Standard Fruit Co. of P. R., when the complaint was filed in this case, as well as in all the dates therein mentioned, had no other properties but the farms already mentioned, and that the value of all its assets was not enough to cover its liabilities, circumstances which, according to the pleadings of the plaintiff, were known by all the defendants in this case. That on March 21, 1934, the herein defendant Nitrate Agencies Co. filed also in the lower court Case No. 20,611 against the same corporation, Standard Fruit Co. of P. R., to collect on some notes that are described in the complaint, and to secure the effectiveness of the judgment, the Nitrate Agencies Co. requested and obtained an order of attachment of the properties of the Standard Fruit Co. and by virtue

of said writ, on March 31, 1934, the attachment was levied on the four properties aforementioned which appeared registered in the name of the defendant, Standard Fruit Co. of Puerto Rico. That the lower court rendered judgment on March 1, 1935, in favor of the here defendant, Nitrate Agencies Co., ordering the Standard Fruit Co. to pay $14,976.60, interest, etc.; and in execution of that judgment and in accordance with an order of the lower court addressed to the marshal of the District Court of Bayamón, said officer sold at public auction, on July 2, 1936, the four properties that we have mentioned, to the defendant, Standard Groves, Inc., the corresponding deed of judicial sale being executed and registered in the Registry of Property. As a consequence of these facts the plaintiff herein, Elberta Crate & Box Co. alleges that the notice of attachment made in favor of the Nitrate Agencies Co. on the abovementioned four properties is null and that consequently it has not given rise to any right that would be preferent to the one acquired by the plaintiff by virtue of its attachment noted subsequently over the same properties in case No. 21,379, filed by it against the Standard Fruit Co. of Puerto Rico. That after these properties were acquired, the Standard Groves, Inc. grouped them into one of 539 cuerdas and 743-thousandths, which is also described in the complaint, and that in execution of a judgment rendered by the lower court on August 22, 1938, in Civil Suit No. 29,999, followed by the defendant herein, Nitrate Agencies Co. and by Armour Fertilizer Works against Standard Groves Inc., owner of the said grouped property, the Marshal of the District Court of Bayamón adjudicated said property to the Nitrate Agencies Co. on September 16, 1938, and the latter sold it in turn to the defendant Juan Ramón Ramos, its present owner, by deed of the 23rd of the same month. It is also alleged in the complaint that the defendant Juan Ramón Ramos on the date when he bought the property in question, knew the nullity of the title of his vendor and knew also the existence of this suit because the

original complaint had been noted in the Registry of Property, Second Section. The complaint ends with a prayer that the cautionary notice of attachment secured by the Nitrate Agencies Co. against the Standard Fruit Co. in Suit No. 20,611 be declared null; that that annotated in favor of the plaintiff against the defendant Standard Fruit Co. of Puerto Rico, be declared preferent and in consequence, that it also be adjudged that the sale of said properties in execution of judgment, in the aforementioned Suit No. 20,611 does not prejudice the rights acquired by the plaintiff Elberta Crate & Box Co.; and that in any event, any sale made or that may be made of those properties is subject to the lien of the preferent attachment in favor of the plaintiff in Suit No. 21,379. It is also requested that the costs, expenses and attorney's fees be imposed to the defendants.

Such was the complaint against which the defendants filed the demurrers of misjoinder of parties defendant, of ambiguity and of want of facts sufficient to constitute a cause of action.

On March 25, 1940, the court overruled the first two demurrers and granted the third for want of facts sufficient to constitute a cause of action, likewise granting ten days to the plaintiff to amend again the complaint. The following 19th of April the plaintiff requested an extension of fifteen days to file the amended complaint, and the court denied it on the 23rd of the same month, on motion of the defendant, for the reason that the plaintiff had had twenty-four days to file said amended complaint, time which according to the court was more than enough, especially taking in consideration that the only thing that had to be alleged was that the Standard Fruit Co. and the Standard Fruit Co. *of Puerto Rico* were two different corporations. Six days after said extension was denied, and the complaint not having been amended, on motion of the defendant Nitrate Agencies Co. the appealed judgment was rendered, which dismissed the complaint, with costs to the defendants. The defendants

requested that the scope of the said judgment be extended to include a finding taxing attorney's fees to the plaintiff, to which the lower court did not accede. The plaintiff appealed from the judgment as a whole, which is appeal No. 8,236 and the defendants only appealed from the refusal to tax the plaintiffs with attorney's fees, their appeal being marked with number 8,235.

 We will consider first appeal No. 8,236, taken by the plaintiff. This appeal turns on the legal effect of the omission of the words *of Puerto Rico* from the name Standard Fruit Co. of Puerto Rico, when the order of attachment in suit number 2,611 followed by the Nitrate Agencies Co. against Standard Fruit Co. of Puerto Rico was issued. If the omission of that part of the name of said defendant in the order of attachment had the effect to annul it, and also to annul the annotation that was made thereof on the four properties registered in favor of the Standard Fruit Co. of Puerto Rico, then we would have to decide that the complaint alleges sufficient facts and the reversal of the judgment would lie. The plaintiff, notwithstanding the opportunity given to it by the lower court in granting the demurrer, could not plead that the Standard Fruit Co. was a corporation different from the one sued under the name of Standard Fruit Co. of Puerto Rico. It was simply a clerical error which occurred when the order of attachment was issued, and so it was understood both by the defendant when it did not protest, and by the registrar of property when he noted the attachment albeit the properties were registered in the name of the Standard Fruit Co. of Puerto Rico. The essential point is that the Standard Fruit Co., so named in the order of attachment, be the same Standard Fruit Co. of Puerto Rico that was sued and whose properties were affected by the noted attachment. As was said in the case of *Marston* v. *F. C. Tibbetts Mercantile Co.,* 110 Me. 553, 87 Atl. 220, an error in the name of the defendant is understood to be waived by it, if said party, even if it is

on default, does not plead to this effect. See also the case of *First National Bank* v. *Jaggers,* 31 Mr. 38, 100 Am. Dec. 53, both cited in *Riverside Irrigation Co.* v. *Caldwell,* L.R.A. 1916 F, 724, which in turn is cited by both the lower court and the attorneys for the defendants. In our opinion, as we have said before, we have to do with a clerical error in the name of the defendant, but as the latter was sued by its correct name, and as the properties affected by the attachment are registered in the name of the defendant Standard Fruit Co. of Puerto Rico, the clerical error committed when the order of attachment was issued, is evident, and it cannot even be supposed that when the lower court signed said order, it had the intention to order the attachment of properties of an entity different from the defendant.

In our opinion, the attachment in question is perfectly valid and in consequence, the subsequent transactions of the defendants that derive their validity from the attachment, are also valid. This being so, the appeal No. 8,236, taken by the plaintiff Elberta Crate & Box Co. will be dismissed.

Considering now appeal No. 8235, taken by the defendants, we are of the opinion that they are right to maintain that the lower court did not make good use of its discretion in refusing to impose attorney's fees to the plaintiff. Its obstinacy is evident. Not only was its contention frivolous, but it unnecessarily delayed this case for some years, to such an extent that the original complaint was filed on July 2, 1936, and as it appears from a motion of the plaintiff itself dated August 31, 1938, on this latter date the defendants had not yet been summoned, because the summons had been lost, as was alleged by the plaintiff, which reveals its lack of confidence in the success of this case.

Taking in consideration the obstinacy of the plaintiff in the prosecution of this case, the appeal No. 8235 taken by the defendants must be granted, and in consequence thereof, the judgment appealed from is modified, extending it so as to award $150 as attorney's fees to the defendants, and so modified, affirmed.