ELBERTA CRATE & BOX COMPANY, demandante y apelada, *v.* NITRATE AGENCIES CO., STANDARD FRUIT COMPANY OF PORTO RICO, STANDARD GROVES, INC. y JUAN RAMÓN RAMOS, demandados y apelantes. LA MISMA, demandante y apelante, *v.* LOS MISMOS, demandados y apelados.

Núms. 8235 y 8236.—*Sometidos:* Mayo 21, 1941. *Resueltos:* Mayo 27, 1941.

*Henry G. Molina,* abogado de Nitrate Agencies Co.; *Rafael Buscagliu,* abogado de Standard Groves, Inc. y Juan Ramón Ramos; *Dubón & Ocholeco* y *Rodrigo Otero Suro,* abogados de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La sentencia que motiva estos dos recursos fué dictada a virtud de una excepción previa que impugnó la suficiencia de la demanda. Así, pues, procederemos a reseñar sus alegaciones para determinar entonces si como sostiene la demandante apelante la demanda expone hechos constitutivos de causa de acción.

Tomaremos la demanda enmendada complementaria como punto de partida, pues fué contra ella que se interpuso la excepción previa que motivó la sentencia apelada. En síntesis dice así: que la demandante Elberta Crate & Box Co., con fecha 2 de agosto de 1934 radicó en la corte inferior el pleito civil núm. 21379 de dicha corte, contra la Standard Fruit Co. of Puerto Rico en cobro de ciertos pagarés que se describen en la demanda, ascendentes a la suma de $4,000 de principal. Que para asegurar la efectividad de la sentencia que pudiera obtener la demandante, a su solicitud y el mismo día 2 de agosto de 1934, se embargaron cuatro fincas de dicha demandada, anotándose el embargo en el Registro de la Propiedad de San Juan, Sección Segunda, el día 3 de agosto de 1934, en relación con dichas cuatro fincas. Que el 31 de agosto de 1934 se dictó sentencia en el referido pleito núm. 21379, que adquirió carácter de firme, por la cual fué condenada la demandada Standard Fruit Co. of Puerto Rico a pagar a la demandante las sumas reclamadas. Que dicha sentencia no ha sido pagada ni en todo ni en parte y que según información y creencia de la demandada, la referida Standard Fruit Co. of P. R. carecía, al radicarse la

demanda en este caso así como en todas las fechas que en ella se relacionan, de otros bienes que no fueran las cuatro fincas antes mencionadas, y que el valor de todo su activo era insuficiente para cubrir su pasivo, circunstancias éstas que conforme alega la demandante, conocían todos los demandados en este pleito. Que el 21 de marzo de 1934 la aquí demandada Nitrate Agencies Co. radicó también en la corte inferior el pleito núm. 20611 de dicha corte contra la misma corporación Standard Fruit Co. of P. R. en cobro de un número de pagarés que se detallan en la demanda, y por vía de aseguramiento de sentencia Nitrate Agencies Co. solicitó y obtuvo una orden que dispuso el embargo de bienes de la Standard Fruit Co. y en virtud de dicha orden, el 31 de marzo de 1934 se anotó el embargo sobre las cuatro fincas mencionadas que figuraban inscritas a nombre de la demandada Standard Fruit Co. *of Puerto Rico*. Que la corte inferior, con fecha primero de marzo de 1935 dictó sentencia a favor de la aquí demandada Nitrate Agencies Co. condenando a la Standard Fruit Co. a pagarle la suma de $14,976.60, intereses, etc., y en ejecución de esa sentencia y de conformidad con una orden de la corte inferior dirigida al márshal de la Corte de Distrito de Bayamón, dicho funcionario procedió a vender y vendió en pública subasta, el 2 de julio de 1936 a la aquí también demandada Standard Groves, Inc., las cuatro fincas de que se ha hecho mérito, otorgándose la correspondiente escritura de venta judicial, que se inscribió en el Registro de la Propiedad. Como consecuencia de estos hechos, alega la aquí demandante Elberta Crate & Box Co. que la anotación de embargo practicada a favor de Nitrate Agencies Co. sobre las indicadas cuatro fincas es nula y consecuentemente que no ha causado derecho alguno que sea preferente al adquirido por la demandante a virtud de su embargo anotado posteriormente sobre las mismas fincas en el caso número 21379, seguido por ella contra Standard Fruit Co. of Puerto Rico. Que luego de adquiridas dichas fincas, Standard Groves, Inc. las agrupó, formando una de 539 cuer-

das, 743 milésimas, que también se describe en la demanda, y que en ejecución de sentencia dictada por la corte inferior el 22 de agosto de 1938 en el caso civil núm. 29999, seguido por la aquí demandada Nitrate Agencies Co. y por Armour Fertilizer Works, contra Standard Groves, Inc., dueña de dicha finca agrupada, el márshal de la Corte de Distrito de Bayamón adjudicó dicha finca a la Nitrate Agencies Co. el 16 de septiembre de 1938 y la adquirente la vendió a su vez al aquí demandado Juan Ramón Ramos, su actual dueño, por escritura de 23 del mismo mes. Se alega además en la demanda que el demandado Juan Ramón Ramos en la fecha en que compró la finca en cuestión, conocía los vicios de nulidad de que adolecía el título de su vendedora y conocía también la existencia de este pleito por haberse anotado la demanda original en el Registro de la Propiedad, Sección Segunda. Termina la demanda con súplica de que se declare nula la anotación del embargo obtenido por Nitrate Agencies Co. contra Standard Fruit Co. en el pleito número 20611; que se declare preferente el anotado a favor de la demandante contra la demandada Standard Fruit Co. *of Puerto Rico,* y en su consecuencia que se declare también que la venta de dichas fincas en ejecución de sentencia en el citado caso 20611 no perjudica los derechos adquiridos por la aquí demandante Elberta Crate & Box Co., y que en todo caso cualquier venta hecha o que se haga de esas fincas estará sujeta al gravamen del embargo preferente trabado a favor de la aquí demandante en el pleito número 21379, solicitándose además que se impongan a los demandados las costas, gastos y honorarios de abogado.

Tal fué la demanda contra la cual los demandados interpusieron las excepciones previas de indebida acumulación de partes demandadas, de ambigüedad y de falta de hechos constitutivos de causa de acción.

El 25 de marzo de 1940 la corte desestimó las dos primeras excepciones y declaró con lugar la de insuficiencia de hechos determinantes de causa de acción, concediendo a la

demandante 10 días para enmendar nuevamente la demanda. El 19 de abril siguiente, solicitó la demandante una prórroga de quince días para radicar la demanda enmendada, y la corte la denegó el 23 del mismo mes, a moción de la demandada, por el fundamento de que la demandante había tenido veinticuatro días para radicar dicha demanda enmendada, tiempo que a juicio de la corte era más que suficiente, sobre todo teniendo en cuenta que lo único que tenía que alegar era que la Standard Fruit Co. y Standard Fruit Co. *of Puerto Rico* eran dos corporaciones distintas. Seis días después de denegada dicha prórroga, no habiéndose enmendado la demanda, a moción de la demandada Nitrate Agencies Co. se dictó la sentencia apelada, que declaró sin lugar la demanda, con costas a la demandante. Solicitaron los demandados que se ampliara dicha sentencia en el sentido de incluir a su favor un pronunciamiento de honorarios de abogado, a lo que no accedió la corte inferior. La demandante apeló de la totalidad de la sentencia, que es el recurso núm. 8236, y los demandados sólo apelaron de la negativa a concederles honorarios de abogado, siendo su recurso el marcado con el número 8235.

Consideraremos en primer término el recurso 8236, establecido por la demandante. La procedencia de este recurso gira alrededor del efecto legal que pueda haber tenido el omitirse las palabras *"of Puerto Rico"* del nombre de la Standard Fruit Co. of Puerto Rico, al dictarse la orden de embargo en el caso núm. 20611, seguido por Nitrate Agencies Co. contra Standard Fruit Co. of Puerto Rico. Si la omisión de esa parte del nombre de dicha demandada en la orden de embargo tuvo el efecto de anularlo y anular también la anotación que del mismo se hizo sobre las cuatro fincas inscritas a favor de Standard Fruit Co. of Puerto Rico, entonces tendríamos que resolver que la demanda aduce hechos y procedería la revocación de la sentencia. La demandante, a pesar de la oportunidad que le concedió la corte inferior al declarar con lugar la excepción previa, no pudo alegar que

Standard Fruit Co. fuese una corporación distinta de la
que fué demandada bajo el nombre de ¡Standard Fruit Co.
of Puerto Rico. Se trata simplemente de un mero error
clerical al expedirse la orden de embargo, y así lo enten-
dieron tanto la demandada al no protestar, como el regis-
trador de la propiedad al anotar el embargo a pesar de
que las fincas se hallaban inscritas a nombre de Standard
Fruit Co. of Puerto Rico. Lo esencial es que la Standard
Fruit Co., así nombrada en la orden de embargo, sea la
misma Standard Fruit Co. of Puerto Rico que fué demandada
y cuyos bienes fueron afectados por el embargo anotado.
Como se dijo en el caso de *Marston* v. *F. C. Tibbetts Mer-
cantile Co.,* 110 Me. 553, 87 A. 220, un error en el nombre
de la parte demandada se entiende renunciado por ésta si
dicha parte, aunque se halle en rebeldía, no hace alegación
a ese efecto. Véase también el caso de *First National Bank*
v. *Jaggers,* 31 Md. 38, 100 Am. Dec. 53, ambos citados en
el de *Riverside Irrigation Co.* v. *Cadwell,* L.R.A. 1916 F,
724, que a su vez citan la corte inferior y los abogados de
las demandadas. A nuestro juicio, como dijéramos antes, se
trata de un mero error clerical en el nombre de la deman-
dada, pero habiendo sido ella demandada bajo su nombre
correcto, y estando las fincas afectadas por el embargo ins-
critas a nombre de la demandada Standard Fruit Co. of
Puerto Rico, el error clerical al redactar la orden de embargo
es manifiesto y no cabe imaginar siquiera que cuando la corte
inferior firmó dicha orden, tenía la intención de disponer
el embargo de bienes de una entidad distinta de la deman-
dada.

A nuestro juicio, el embargo en cuestión es perfectamente
válido y en su consecuencia las transacciones posteriores de
los demandados que de dicho embargo derivan su validez,
también lo son. Siendo ello así, procede desestimar el recurso
núm. 8236 interpuesto por la demandante Elberta Crate &
Box Co.

Considerando ahora el 8235 interpuesto por los demandados, opinamos que les asiste razón al sostener que la corte inferior no hizo buen uso de su discreción al rehusar condenar a la demandante al pago de honorarios de abogado. La temeridad de la demandante es manifiesta. No sólo era frívola su contención, sino que innecesariamente dilató por varios años este pleito, a tal extremo que la demanda original fué radicada el 2 de julio de 1936 y conforme aparece de la moción de la propia demandante de 31 de agosto de 1938, en esa última fecha aun no habían sido emplazados los demandados, por haberse extraviado el emplazamiento, según alegó la demandante, lo que revela su falta de confianza en el éxito de este pleito.

Ante la temeridad de la demandante en la prosecución de este caso, *procede declarar con lugar el recurso 8235, interpuesto por los demandados y en su consecuencia modificar la sentencia apelada, ampliándola de modo que por ella se condene además a la demandante al pago de $150, por concepto de honorarios de abogado de los demandados, y así modificada, confirmarla.*