FOOD FAIR STORES CORPORATION, a corporation of the State of Delaware, Defendant below, Appellant, v. JOHN JAMES VARI, Plaintiff below, Appellee.

*(April* 18, 1963.)

*(Reargument denied May* 13, 1963.)

SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and MARVEL, Vice Chancellor, sitting.

*Albert L. Simon* for appellant.

*Sidney Balick* (of Aerenson and Balick) for appellee.

Supreme Court of the State of Delaware, No. 82, 1962.

WOLCOTT, J.:

This is an appeal by the defendant from the denial of its motion for summary judgment and from an order granting leave to the plaintiff to amend the complaint to change the defendant.

The action is one for personal injuries suffered by the plaintiff on September 28, 1959, on premises located at 2005 Pennsylvania Avenue in Wilmington, said premises being occupied by a Food Fair Store.

On September 7, 1960, the plaintiff instituted suit against Food Fair Stores Corporation. Service was obtained September 13, 1960, on the resident agent of Food Fair Stores Corporation. On October 3, 1960, the defendant filed its answer alleging that it neither owned nor controlled the premises on which the plaintiff was injured. At the same time an affidavit of non-agency was filed.

On October 17, 1960, the defendant filed its motion for summary judgment. The motion for summary judgment was scheduled for argument and, on November 16, 1960, the plaintiff filed his motion to amend the complaint. On October 24, 1962, by order, defendant's motion for summary judgment was denied and plaintiff's motion to amend his complaint was granted. From this order defendant appeals.

It appears from the affidavits filed that the corporation operating the Food Fair Store at which plaintiff sustained his injuries was not the corporaton sued, but was in fact Food Fair Stores, New Castle, Inc. It further appears that there are in fact nine corporations formed under the Delaware Corporation Law including within their names the words "Food Fair". One of these is Food Fair Stores Corporation, the defendant actually sued.

It further appears that all of these corporations are part of a chain of stores, the parent corporation of which is Food Fair Stores, Inc., a corporation of the State of Pennsylvania. Both Food Fair Stores, New Castle, Inc. and Food Fair Stores Corporation have the same resident agent in Delaware, and both have offices located at the same address in Philadelphia, Pennsylvania. In addition, both corporations have at least two individuals who are officers of both corporations.

It appears from the affidavits that plaintiff's counsel, prior to the institution of suit, had correspondence concerning the possible settlement of this claim, which correspondence was carried on in behalf of the defendant on the letterhead of Food Fair Stores, Inc. In addition, an insurance adjuster representing Food Fair Stores, Inc. called upon the plaintiff's counsel to discuss the case. In an affidavit filed by this adjuster he avers that in early September of 1960, in the office of plaintiff's counsel, he advised him that the wrong corporation had been named as a party defendant.

In an affidavit filed by plaintiff's counsel, it is averred that prior to the institution of this action he inquired by telephone of the Secretary of State as to the proper corporate name of defendant, and was advised that there was only one Delaware corporation bearing the words "Food Fair" in its name which was Food Fair Stores Corporation. He also avers that he discussed this question with the insurance adjuster but that it was not until the defendant's affidavit of non-agency was filed that he wrote the Corporation Department requesting information as to the names of all corporations registered in Delaware with the words "Food Fair" in their names. In response to this written request he was informed of the nine existing Delaware corporations bearing the words "Food Fair" in their names.

It appears that at the time of the plaintiff's injury a retailer's license had been issued to Food Fair Stores, New Castle, Inc., a copy of which was displayed according to law in the premises at 2005 Pennsylvania Avenue in Wilmington.

The sole question presented to us is whether or not a plaintiff may, by amendment to his complaint, add or substitute a new party defendant at a time when the Statute of Limitations would bar the bringing of an original action against such defendant.

Defendant relies on *Hackett v. Bethlehem Steel Co.*, 5

W. W. Harr. 317, 165 A. 332, in which a similar motion to substitute as a defendant Bethlehem Steel Company, a corporation of Delaware, for Bethlehem Steel Company, a corporation of Pennsylvania, which had erroneously been named as a party defendant, was denied. The court in the *Hackett* case reviewed the authorities and concluded that the amendment should be refused since the plaintiff was attempting to substitute a new party defendant which could not be done absent some mitigating circumstance to excuse the plaintiff's negligence in having sued the wrong party.

The *Hackett* case was decided upon the basis of a series of Delaware decisions, and we think we cannot in justice disregard these decisions absent some circumstance which would excuse the plaintiff's failure to bring his action against the proper defendant wthin the statutory period.

Plaintiff relies on *Williams vs. Pennsylvania Railroad Co.*, D. C., 91 F. Supp. 652, a decision of the Federal District Court of Delaware, allowing such an amendment to the complaint after the running of the period of limitations. This case, however, we think, is quite different from the one at bar. In the *Williams* case there were two companies bearing similar names, having the same resident agent, and the same officers and business address in Philadelphia. In point of fact, one of these corporations was engaged in the stevedoring business in which the plaintiff, Williams, was injured. The corporation actually sued had no connection with this activity but, through error and without fault of the plaintiff, was sued.

Following service of the complaint the corporation actually sued, which had no connection with the activity resulting in the injury to the plaintiff, actively participated in the course of the action, filing an answer and raising affirmative defenses, and briefing and arguing the motions following those defenses.

Under the circumstances, a motion to substitute the

proper party defendant was granted long after the claim would have been barred by the Statute of Limitations on the ground that the activity of the corporation in defense of an action which raised no possibility of liability as to it was designed to mislead the plaintiff so that the defense of the Statute of Limitations would be available to its sister corporation.

We have no such circumstance before us in the case at bar. Food Fair Stores Corporation, speaking through its insurance adjuster, warned plaintiff's counsel prior to the expiration of the period of limitations that the wrong defendant had been named. Despite this, counsel elected to rely on his telephone conversation with the Secretary of State's office, and it was only following the filing of a paper making the very defense of which plaintiff's counsel had had notice that he took steps to ascertain the true circumstances.

Plaintiff urges upon us that Civil Rule 15, *Del. C.*, providing that leave to amend shall be freely given when justice so requires, should lead us to allow this amendment. We think, however, that the present Civil Rules are not intended to permit a party and his counsel to proceed with laxity and excuse that laxity by an appeal to the court's sense of fair play. Rules of court are intended to speed up and promote the decision of causes on their merits, but this does not mean that any failure to comply with the rules may be excused on the ground that a decision upon the merits will not be obtained. Absent a showing of having been misled or excusable neglect, the rules, we think, are to be applied as written. Plaintiff makes no showing to excuse his neglect in the case at bar, nor has the defendant done anything to mislead.

It therefore follows that the cause will be remanded with instructions to reverse the order permitting an amend-

ment to the complaint and the order denying summary judgment, and with instruction to enter summary judgment for the defendant.