## GODFREY v. EASTERN GAS & FUEL ASSOCIATES.

### Civ. No. 3145.

District Court, D. Massachusetts.

April 9, 1947.

William F. Dierkes, of Boston, Mass., for plaintiff.

Seymour P. Edgerton and Bingham, Dana & Gould, all of Boston, Mass., for defendant.

HEALEY, District Judge.

On November 18, 1944, plaintiff filed a complaint setting forth a cause of action against the "Mystic Steamship Company", described therein as "a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts" and having "its principal place of business within the District of Massachusetts."

In count 1, the plaintiff seeks to recover damages under the Jones Act, 46 U.S.C.A. § 688, for injuries sustained by him on or about November 19, 1942, while serving as a member of the crew of the vessel "Melrose", allegedly due to the negligence of the defendant, its agents or servants. Count 2 is for maintenance and cure.

The return of service shows that the summons and a copy of the complaint was served on the Mystic Steamship Company on December 1, 1944, "by giving in hand to Russell L. Walton, Ass't Secretary thereof, and in charge of its business at 250 Stuart St., Boston."

On December 20, 1944, an answer was filed for the Mystic Steamship Company signed "By its attorneys, Seymour P. Edgerton, Bingham Dana & Gould." This answer consisted, in effect, of a general denial plus the affirmative defenses of contributory negligence and assumption of the risk.

On March 28, 1946, the plaintiff filed a motion to amend his complaint "by striking out the words, 'Mystic Steamship Company' and substituting therefor the words, 'Eastern Gas and Fuel Associates ( Mystic Steamship Division), a corporation organized by law and having an usual place of business in Boston, County of Suffolk.' "

On April 16, 1946, after a hearing, Judge Ford allowed the plaintiff's motion to amend his complaint.

On September 20, 1946, plaintiff filed an amended complaint against "Eastern Gas & Fuel Associates (Mystic Steamship Division)", described in the complaint as "a Massachusetts Trust" having its principal place of business in Boston, within the District of Massachusetts. The return of service shows that the summons and a copy of this complaint were served on the Eastern Gas and Fuel Associates (Mystic Steamship Division) "by giving in hand to Robert Folsom, Vice-President of the Corporation at 250 Columbus Avenue, Boston."

On October 11, 1946, an answer to the amended complaint was filed for the Eastern Gas and Fuel Associates, signed "By its attorneys, Seymour P. Edgerton, Bingham, Dana & Gould."

In this answer, the defendant set up, among other defenses to count 1, the defense of the statute of limitations, and among other defenses to count 2, the defense of laches.

On February 20, 1947, a hearing was held before this court on the defendant's motion for "Judgment on the Pleadings, or for Summary Judgment", based on the statute of limitations as to count 1 and on laches as to count 2 of the amended complaint.

In support of its motion, the defendant contends that it was first brought into this case upon the filing of the amended complaint on September 27, 1946, more than three years after the cause of action arose, and hence beyond the period of limitation provided for in the Federal Employers' Liability Act, § 6, 45 U.S.C.A. § 56, incorporated by reference into the Jones Act. It contends that the amended complaint constituted the substitution of a new defendant for the original defendant, and not merely the correction of a misnomer nor the substitution of a technical party for the original party. Therefore, it contends that the amended complaint does not relate back to the time of the bringing of the original action.

The plaintiff contends that he sued the correct party, but used the wrong name of that party. He, therefore, argues that since the only effect of the amended complaint was to correct the misnomer, the amended complaint relates back to the date of the filing of the original complaint, and that the statute of limitations is not a bar to count 1, and that he was not guilty of laches in regard to count 2.

The facts, looked at most favorably to the plaintiff are as follows:

The plaintiff was a seaman, a member of the crew of the vessel "Melrose" at the time of his injury on November 19, 1942.

A Mystic Steamship Company was incorporated under the laws of the State of Delaware, on February 29, 1936, and from that time until December 31, 1940, owned and operated the vessel "Melrose". On the latter date, according to the records of the Massachusetts Department of Corporations and Taxation, all property of the Mystic Steamship Company was transferred to the Eastern Gas and Fuel Associates. On February 11, 1942, the Mystic Steamship Company filed with the Massachusetts Department of Corporations and Taxation, an assent to the use of its name by Eastern Gas and Fuel Associates. On December 31, 1941, the Mystic Steamship Company filed an affidavit of withdrawal with the said Massachusetts Department of Corporations and Taxation. Under date of January 6, 1942, consent of the stockholders of Mystic Steamship Company to dissolution of said corporation was filed with the Delaware Department of State Corporations.

At the present time, the Mystic Steamship Company is listed in the Boston telephone directory at 250 Stuart Street with its Marine Department listed at 54 Lewis Wharf. Eastern Gas and Fuel Associates is also listed at 250 Stuart Street, and has the same telephone number as Mystic Steamship Company. Russell L. Walton, on whom summons was served in the original action, was Assistant Secretary of Mystic Steamship Company and Secretary of the Eastern Gas and Fuel Associates. The law firm of Bingham, Dana & Gould, through Mr. Seymour P. Edgerton, has represented both the Mystic Steamship Company and the Eastern Gas and Fuel Associates in this action.

Sometime after the original complaint was filed, and before the three year statute of limitations had run on the plaintiff's claim, Mr. Edgerton informed plaintiff's counsel that he had brought suit against the wrong party. However, the amended complaint was not filed until after the statute of limitations had run.

Unquestionably, the amended complaint would relate back to the date of the original complaint if the effect of the amendment was merely to correct a misnomer. Clemmens v. Washington Park Steamboat Co., C.C., 171 F. 168; Bainum v. American Bridge Co. of New York, C.C., 141 F. 179; Bowles, Adm'r v. Marx Hide & Tallow Co., D.C., 4 F.R.D. 297; McDowell v. Kiehel, 3 Cir., 6 F.2d 337; Hernan v. American Bridge Co., 6 Cir., 167 F. 930.

However, if the effect of the amendment was to bring into the case a new party defendant that was not served with a summons or complained against in the original action, the amendment will not relate back to the time of the original complaint, and the statute of limitations will bar the action as to such party. Royal Worcester Corset Co. v. White, D.C., 40 F.Supp. 267.

Plaintiff's original complaint set forth a cause of action against Mystic Steamship Company, and described that company as a Massachusetts corporation. The Mystic Steamship Company was not a Massachusetts corporation. There was a Mystic Steamship Company in the process of dissolution which was a Delaware corporation. That corporation had assented to the use of its name by Eastern Gas and Fuel Associates, which was sole stockholder of the corporation, and which used the name Mystic Steamship Division, Eastern Gas and Fuel Associates. Both the Mystic Steamship Company, a Delaware corporation, and the Mystic Steamship Division, Eastern Gas and Fuel Associates, had offices at 250 Stuart Street in Boston, both had the same telephone number, and Walton, the man who was served with the summons under the first complaint, was a person through whom both the Delaware corporation and the Eastern Gas and Fuel Associates were amenable to service of process.

Whether the defendant's motion be ruled on as a motion for summary judgment, or a motion for judgment on the pleadings, it must be determined by the record as presented to the court.

On the record, it is not clear whether the plaintiff intended to bring the action against the Delaware corporation or the Mystic Steamship Division, Eastern Gas and Fuel Associates. What counsel for the plaintiff was trying to do was sue the owner of the vessel "Melrose". He described that owner in such a manner as would make it as reasonable to conclude that he meant to sue either of them, whichever was the owner. The person served with the summons was an agent for service on both concerns.

It is, therefore, apparent that both concerns had notice of the plaintiff's claim, and that he was trying to sue the owner and operator of the "Melrose", but that in either case, he had misnamed the defendant.

To further complicate matters, it is not clear whether the answer filed for the Mystic Steamship Company was at that time considered an answer for the Delaware Corporation or the Mystic Steamship Division, Eastern Gas and Fuel Associates, since they are both represented by the same attorneys.

However, the fact that the motion to amend the complaint was objected to by the attorneys for the defendant, would make it appear that they were, in fact, rep-

resenting Mystic Steamship Division, Eastern Gas and Fuel Associates at that time. Otherwise, if they were in fact representing the Delaware Corporation, they certainly would not have opposed the granting of that motion, since the effect of the allowance of that motion would have been to eliminate the Delaware corporation from the litigation.

Under these circumstances, it seems probable that Judge Ford, in allowing plaintiff's motion to amend, was of the opinion that the plaintiff originally intended to sue the Mystic Steamship Division, Eastern Gas and Fuel Associates, but misnamed that concern, and that he did not intend to sue the Delaware corporation. I am in agreement with that view. I, therefore, find that this was a case of misnomer and not a case of mistake of parties.

To hold otherwise would be unfair to the plaintiff and would allow the defendant to avoid its rightful obligation through a technical error on the part of plaintiff's counsel, in a situation where it has had notice of the plaintiff's claim from the outset. As was stated by Mr. Justice Holmes in New York Central & Hudson River Railroad Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294: "but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

The motion of defendant for summary judgment or for judgment on the pleadings is denied.