HARTFORD ACCIDENT & INDEMNITY CO., to Use of SILVA, et al. v. INTERSTATE EQUIPMENT CORPORATION.

HARTFORD ACCIDENT & INDEMNITY CO., to Use of JOHNSON v. INTERSTATE EQUIPMENT CORPORATION.

HARTFORD ACCIDENT & INDEMNITY CO. to Use of JOHN v. INTERSTATE EQUIPMENT CORPORATION.

HARTFORD ACCIDENT & INDEMNITY CO. to Use of PLEMER v. INTERSTATE EQUIPMENT CORPORATION.

Nos. 2788, 3448–3450.

United States District Court D. New Jersey.

Dec. 21, 1948.

For prior opinion, see 74 F.Supp. 791.

Coult, Satz, Morse & Coult, and Joseph Coult, all of Newark, N. J., for plaintiffs.

Emanuel Wagner, of Elizabeth, N. J., for defendants.

FAKE, Chief Judge.

The issues now before the Court arise on a motion to reconsider the opinion of the Court, filed in these cases on the 10th day of December 1947, D. C., 74 F.Supp. 791, and to strike the same. Counsel have been heard on oral argument; briefs have been filed in aid of the Court, and I have reconsidered all the problems involved.

Questions bearing upon statutes of limitations have been drawn into the arguments, either by me or by counsel. The law of Hawaii, and the law of New Jersey, on that subject, have been exhaustively studied. I am now of the opinion that such statutes have no direct bearing on the issues to be reconsidered. Therefore these studies will not be enlarged upon in this opinion.

The accident upon which these suits are based occurred in Hawaii on April 8th, 1942. It is conceded that they would be outlawed, on April 8, 1944, in either of the jurisdictions involved. The first complaint was filed on March 12, 1943, in suit #2788 above, for the death of one Henry Silva. A demand for a bill of particulars was made on April 2d, 1943. A further demand was made on June 28th, 1943. These demands were met on April 12, 1943 and June 29, 1943, respectively, and were filed in the Court on July 7, 1943. An answer was filed, in this particular suit, on September 28, 1943 and acknowledged as within time. Thus it appears that the answer was filed within the period of limitations, and it was with this answer in mind that I referred in my earlier opinion to the "fast running" Statute of Limitations. The complaints in the three remaining personal injury suits were filed on March 30, 1944, and service was made on March 31, 1944, all within the period of limitations. The answers to these three suits, however, were filed on October 3, 1944 after the Statute had run; each acknowledged as filed within the time allowed for pleading. On October 30, 1944, an order of consolidation, duly consented to, was filed under which these cases were to be tried together.

Thus it is seen that by the consent of the parties the issues involved were being considered as involving but one case insofar as the facts relating to the accident are concerned.

In this posture the cases remained, by inaction or consent, until some 17 months after the Statute of Limitations had run, and two years, lacking four days, from the date when defendant's counsel knew there was an error in the name of the defendant, when counsel for the defendant addressed the following letter to counsel for plaintiff, dated September 24, 1945.

"Dear Judge Coult:

"In connection with notice of taking depositions at Honolulu in the above entitled matters, please be assured that it is my desire to cooperate in any way possible on any preliminary matters. I presume that the testimony you seek to elicit from the witnesses listed in the notice is with reference to the happening of the accident and the earning capacity and dependency of the deceased Silva, and other persons injured.

"Do you think that we could obviate the necessity of taking a formal deposition by your furnishing to me some data by which I would be in a position to advise my client to stipulate with regard to certain facts? My thought is that the expense and effort involved in the taking of these depositions might be obviated particularly in view of the fact that we have indicated by our answers and by our answers to requests for admissions that the defendant that you have sued is not the proper party in connection with the work done at Schofield Barracks.

"You have indicated to me that it was your intention to ask for a pre-trial conference at which various questions could be

settled including, amongst others, the seventh defense. You undoubtedly realize that if this defense is available regardless of other considerations that we might be going through a lot of unnecessary work.

"I would appreciate your early advices.

"With kind personal regards,

"Sincerely yours,

"Emanuel Wagner"

I find from the record before me that this was the first time counsel for plaintiff was specifically advised that he had made an error in naming the New Jersey Interstate Equipment Corporation. True, defendant had entered general denials in the answers filed, but such general denials, under the circumstances now disclosed, were in no way sufficient to advise plaintiff that there were two corporations bearing the same name with different state paternities.

Rule 9(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., expressly provides that "a denial of performance *or occurrence* shall be made specifically and *with particularity,*" (emphasis added). I fail to find particularity in the answers now before me, hence plaintiff's attorney cannot be charged with lack of diligence in discovering his error as to the name of the defendant.

The opening paragraphs of the foregoing letter are misleading, and the new information given at the close is a mere self-serving declaration to cover up the lack of frankness indicated by counsel for defendant up to that moment. Bearing on this, counsel for defendant admitted in open Court as follows: "By the Court: How long after you filed your answer was it before you discovered that no process had been served on the defendant the New York Corporation? Mr. Wagner: Why I discovered it before I filed an answer." Thus it appears that counsel for defendant knew before September 28th, 1943 that an error appeared in the name of the defendant, and merely filed a short, general denial with counter charges of contributory negligence to put plaintiff's counsel off guard until the Statute of Limitations ran its full course. Again it is my thought that such conduct is not praiseworthy. It explains, however, why the truth was so long kept from the Court and why the record is distended by immaterial moves as in a game where justice plays no part. Surely such conduct is not in conformity with the spirit of the rules of this Court which require such construction as "to secure the just, speedy and inexpensive determination of every action." It has no direct bearing here, however, since the question here is simply this: Was the New York corporation served with process as in time, and has it appeared in the cause. My answer was yes, in my original opinion, and it remains the same on reconsideration.

Independent research has disclosed the following cases upon which I rely to aid in sustaining my conclusion now, as well as that reached heretofore. These cases should be read in full and, therefore, I will not set up extracts from them: Marston v. F. C. Tibbetts Mercantile Co., 110 Me. 533, 87 A. 220; Porter v. Theo J. Ely, etc., D.C., 5 F.R.D. 317, opinion of Judge Gourley, Western District of Pennsylvania; Godfrey v. Eastern Gas & Fuel, etc., D.C., 71 F.Supp. 175, opinion of Judge Healey, U. S. District Court of Massachusetts. The case of Peters v. Public Service Corporation, 132 N.J.Eq. 500, 29 A.2d 189, affirmed 133 N.J.Eq. 283, 31 A.2d 809, has been urged as bearing upon the issues here. It is my thought that it has no direct bearing whatever, since in that case amendments had been denied and the complaints had been dismissed. Thereafter, and after the running of the Statute of Limitations, new suits had been instituted, and the State Court dealt strictly with the death action. Here the Court has held that the service of process and the complaints are good and sufficient and have been ab initio.

The motion to strike my earlier opinion is denied, and it is the order of the Court that the processes in these cases, the complaints, the answers and any other pleadings or papers filed in these cases be and the same are hereby amended to recite the name of the defendant as the "Interstate Equipment Corporation, a corporation organized and existing under the laws of the State of New York."

An order will be entered in conformity herewith.