HARTFORD ACC. & INDEM. CO., to Use of SILVA v. INTERSTATE EQUIPMENT CORPORATION.

HARTFORD ACC. & INDEM. CO., to Use of JOHNSON v. INTERSTATE EQUIPMENT CORPORATION.

HARTFORD ACC. & INDEM. CO., to Use of PLEMER v. INTERSTATE EQUIPMENT CORPORATION.

HARTFORD ACC. & INDEM. CO., to Use of JOHN v. INTERSTATE EQUIPMENT CORPORATION.

INTERSTATE EQUIPMENT CORPORATION v. UNITED STATES DISTRICT COURT FOR DISTRICT OF NEW JERSEY et al.

Nos. 9904–9907, 9909.

United States Court of Appeals Third Circuit.

Argued June 14, 1949.

Decided July 29, 1949.

420

Charles Danzig, Newark, N.J. (Riker, Emery & Danzig, Newark, N. J., on the brief), for appellant Interstate Equipment Corporation.

Joseph Coult, Newark, N. J. (Coult & Satz, Newark, N. J., on the brief), for plaintiffs.

Before BIGGS, Chief Judge, and Mc-LAUGHLIN and O'CONNELL, Circuit Judges.

PER CURIAM.

The appeals at bar are from two orders of the court below. The appellants have also petitioned this court for writs to restrain the court below from proceeding with the trials of the cases and have filed a motion for a rule to show cause why such restraint should not be issued. All the cases may appropriately be treated in one opinion.

The appeals must be dismissed for the orders of the court below determined no more than that the New York corporation possessing substantially the same name as the corporation of New Jersey originally sued by the plaintiff shall be held to answer the plaintiff. We are a court of limited jurisdiction as has been pointed out repeatedly. See the decision of the Supreme Court in Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, and our opinion affirmed by the decision last cited in the identical case, 3 Cir., 170 F.2d 44, 49-50. The orders appealed from are no more than orders made in the course of the litigations. There has been no final disposition on the merits insofar as the New York corporation is concerned. We therefore are without the power to determine the validity of the orders complained of. If the New York corporation is wrongly held in the suits that legal fact can be determined by appeals after trials on the merits in the court below.

What we have said disposes also of the motion for a rule to show cause on the petition of the New York corporation for writ of certiorari, mandamus or prohibition. These extraordinary writs may not be in-

voked in lieu of appeals. This is so well settled as to require no further discussion.

Accordingly the appeals will be dismissed and the motion for leave to file petitions for a writ of certiorari, mandamus or prohibition will be denied.