## WILLIAMS v. PENNSYLVANIA R. CO. et al.
### Civ. A. No. 1169.

United States District Court
D. Delaware.
June 22, 1950.

H. Albert Young, of Wilmington, Del., for plaintiff.

William Prickett, of Wilmington, Del., for defendants E. J. Lavino & Company, Mayor and Council of Wilmington, Charles B. Owens, Ralph B. Richardson, Henry P. Scott, Jr., members of the Board of Harbor Commissioners, and Edmund Winston Richardson, manager.

David F. Anderson and James L. Latchum (Southerland, Berl & Potter) of Wilmington, Del., for Pennsylvania R. Co.

RODNEY, District Judge.

This action is before the court upon a motion of plaintiff for leave to amend the

complaint so that wherever the name "E. J. Lavino and Company" appears it will read "Lavino Shipping Company."

The cause of action in this case stems from an accident in which the plaintiff was injured and which took place on March 22, 1948. It is alleged that plaintiff was working at the Marine Terminal on that day and that a cargo of ilmenite was then being discharged from the ship William Allen. The accident happened when a gantry crane which was being operated on the dock ran over the plaintiff.

One of the parties originally named as a defendant was "E. J. Lavino and Company," which was alleged in the complaint to have "operated a stevedore company engaged in the business of loading and unloading cargoes from ships anchored at the Marine Terminal, Wilmington, Delaware," at the times mentioned in the complaint. It is further alleged in the complaint that at the time and place in question gantry cranes operated by the employees of defendants "E. J. Lavino and Company, and/or Mayor and Council of Wilmington, and/or the defendants, the Board of Harbor Commissioners" were engaged in unloading The William Allen, and that one of such gantry cranes ran over the plaintiff.

Affidavits have been filed by the parties and some oral testimony has been taken in connection with this motion. From this it clearly appears that the stevedore company which was engaged in the unloading of the William Allen on March 22, 1948, was the "Lavino Shipping Company," and that the "Lavino Shipping Company" and "E. J. Lavino and Company" are two separate and distinct corporations of the State of Delaware. Both corporations are actively engaged in business, but E. J. Lavino and Company is not engaged in the stevedoring business. Both corporations have the same resident agent in Delaware, and both corporations have their principal places of business at the same address in Philadelphia, Pa., and have the same telephone number. Both corporations have the same president; the other officers are substantially the same and the directors are identical. Nothing appears as to the identity of the stockholders.

When the present action was instituted, service of summons was made on the resident agent of E. J. Lavino and Company, which is also the resident agent of Lavino Shipping Company. It is not seriously questioned that the officers of E. J. Lavino and Company and of Lavino Shipping Company, who were largely identical, received notice of the suit. The evidence before the court shows that they realized that the Lavino defendant had been wrongly named and that the mistake was brought to the attention of the representative of their insurance carrier and that the appearance and pleadings in this case were all made in the light of and with knowledge of the error.

E. J. Lavino and Company appeared in the action by counsel and filed its answer. In the answer it denied the allegations that it had been operating a stevedore company at the Wilmington Marine Terminal and that its employees and the employees of the other defendants mentioned above had been operating the gantry cranes. It denied liability in general and by way of further answer set up the defense of contributory negligence.

On February 12, 1949, plaintiff moved for leave to amend its complaint by adding a count for the purpose of setting up a claim against the defendants, E. J. Lavino and Company, the Mayor and Council of Wilmington, the Board of Harbor Commissioners, and Edmund Winston Richardson, the manager of the Marine Terminal, based upon the theory of "res ipsa loquitur." An order granting leave to file the amendment was entered by the court on October 5, 1949. These defendants, including E. J. Lavino and Company, subsequently moved for judgment upon that part of the amended complaint presenting the question of the applicability of the doctrine of "res ipsa loquitur." Arguments on the motion were heard and the court ruled in favor of the moving defendants. D.C., 90 F.Supp. 69.

The case was then set down for trial, but shortly before the date assigned for the trial, that is to say in May, 1950, the present motion to amend the complaint was filed. Under the Delaware statute the period of limitations in a personal injury case, such

as this, expires in one year.[1]  There is no suggestion that this is not the applicable statute of limitations.

Plaintiff contends that it should be permitted to amend its complaint in the proposed manner, despite the fact that the statute of limitations has run.  He argues that the proposed amendment will not bring a new party before the court but will merely correct a misnomer of a party which is, in fact, already before the court and which has had complete notice and knowledge of the suit from its inception, and of the claim of the plaintiff prior to the institution of the suit.  The plaintiff does not suggest that he was led to name E. J. Lavino and Company instead of Lavino Shipping Company as a party defendant through any misrepresentations of Lavino or its agents, but he does contend that he knew of only one Lavino corporation and that he was lulled into a false sense of security by reason of the actions of Lavino and by the nature of Lavino's pleadings, more particularly, the assertion of the defense of contributory negligence and by Lavino's participation in the motion for judgment with respect to the added count of the amended complaint.  The plaintiff asserts that he only discovered his mistake a very short time before he filed the present motion and that he has acted with the requisite promptness in seeking to rectify his error.

Lavino's contention, briefly, is that the plaintiff, through no misrepresentation of the defendants, has brought suit against the wrong party and that an amendment to bring in a new party defendant after the expiration of the statute of limitations should not be permitted.

█  The basic question before the court is whether the proposed amendment corrects a misnomer or whether it brings in a new party defendant.  If the amendment is granted and its effect is merely to correct a misnomer, there is no doubt that the amendment would relate back in time to the date of the original complaint.[2]  But if its effect is to make a new party to the suit, the amendment would not relate back and the statute of limitations would bar the action as to that party.[3]  Under the latter circumstances it is, at the least, questionable whether the amendment would be allowed in the first instance.[4]

█  Both parties have cited to the court an extensive annotation which appears in 8 A.L.R.2d 80, dealing in part with the problem which is presented by this motion.  An examination of that annotation and of the many cases cited by the parties makes it clear that the courts have frequently reached different conclusions upon substantially similar factual bases.  These authorities show that the courts have in many instances taken into consideration not only the technical effect of the amendment, but also the circumstances connected with the erroneous naming of the corporate defendant and the extent of the prejudice, if any, which may result to the real party defendant if the amendment is allowed.

In the present case there is no question that the stevedoring company which was engaged in the unloading of The William Allen was the Lavino Shipping Company and not E. J. Lavino and Company.  It is asserted and not denied that the officers of Lavino Shipping Company knew of the plaintiff's possible claim against it from the first.  Service of summons was upon the resident agent, which was the resident agent of both corporations alike, and the corporate officers and the representatives of the corporations were aware of the plaintiff's mistake in naming E. J. Lavino and Company as a defendant.  Despite this knowledge, E. J. Lavino and Company filed an answer not only denying liability, but also asserting the affirmative defense of contributory negligence.  It also participated in further preliminary proceedings with which, as a complete stranger to the incident which gave rise to the plaintiff's claim, it could

1.  Revised Code of Delaware (1935), Chapter 146, Sec. 10, Code Section 5133.

2.  Godfrey v. Eastern Gas & Fuel Associates, D.C., 71 F.Supp. 175.

3.  Id.

4.  Royal Worcester Corset Co. v. White, D.C., 40 F.Supp. 267.

have had no concern. Under these circumstances, I am of the opinion that the stevedoring corporation, Lavino Shipping Company, which the plaintiff intended to sue, is in fact before the court, and that the effect of the proposed amendment is merely to correct a misnomer. This is not a matter of piercing the corporate veil, but of looking at the realties of the case. The defendant which the plaintiff intended to sue is in reality before the court.

If the plaintiff, being uncertain of the exact name of the defendant, had simply sued the "Lavino Company" and subsequently discovered that the word "Shipping" had been omitted from the correct name, it is scarcely to be doubted that an amendment would have been allowed correcting the misnomer. The mere fact that the plaintiff erroneously gave to the supposed defendant a name which was the name of an existing corporation cannot affect this conclusion when regard is had to all the circumstances of the case.

The material facts may be epitomized as follows. The plaintiff claims to have been injured by the negligence of Lavino Company, a stevedoring company; only one Lavino Company was known to the plaintiff as concerned with the subject matter; suit was started against a Lavino corporation alleging a stevedoring business at the locus in question; service was made on the resident agent and the proper officers were duly notified; appearance was entered, negligence denied, and an affirmative defense interposed based upon the facts of the case. It then, for the first time after considerable delay and after the statute of limitations had run, became known to the plaintiff that there are two Lavino corporations having the same resident agent, the same directors and substantially the same officers who knew at all times of the misnomer of the defendant. It seems entirely clear to me that the mistake being known and the two companies having the same president and substantially the same officers, the Lavino Shipping Company actually sanctioned all the court proceedings by E. J. Lavino and Company whereby the mis-

take was concealed until the statute of limitations had run and now alone seeks to obtain the benefit of its action.

The very objection to the pending motion inspires comment. All objection to the amendment ostensibly stems from E. J. Lavino and Company when the entire effect of the amendment, if granted, would be to exculpate that company entirely and to substitute Lavino Shipping Company, which has expressly denied any appearance or part in these proceedings, and the entire beneficial effect of the refusal of the motion of substitution would result in the benefit of Lavino Shipping Company and not of E. J. Lavino and Company.

Some consideration must be given to the prejudicial effect upon Lavino Shipping Company of the granting the motion for substitution. Of course, such company is affected by the granting of the motion insofar as the non-application of the statute of limitations is concerned. Indeed, the statute of limitations seems the only reason for the motion and for the opposition to it. Without any question of the statute of limitations there could be little objection to the amendment and, indeed, if no statute of limitations presented complications, it seems probable that a new suit would obviate any amendment or desire for it. The prejudicial effect on the Lavino Shipping Company of the granting of the motion must necessarily be viewed as contrasted with the effect upon the plaintiff of the denial of the motion. In the final analysis, the granting of the motion will allow the matter to be determined upon its merits.

Lavino Shipping Company had notice of the plaintiff's claim and of this suit from the outset. Its representatives and the representatives of E. J. Lavino and Company took no steps to apprise the plaintiff of his mistake. The pleadings filed and other actions taken by the Lavino defendant in the suit were of a nature calculated to lead the plaintiff to believe that he had sued the stevedoring corporation by its correct name. It may be questionable whether under these circumstances Lavino Shipping Company would not be estopped to make the defense

of the statute of limitations.[6] Apart from this consideration, the following language of Justice Holmes in New York Central & H. R. R. Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294, is apposite in the light of the facts of this case, although the particular circumstances of that case were somewhat different: " * * * when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

Of the cases cited by the plaintiff those that seem most pertinent are Godfrey v. Eastern Gas & Fuel Associates, D.C., 71 F.Supp. 175, and Hartford Accident & Indemnity Co. v. Interstate Equipment Corporation, D.C., 74 F.Supp. 791, Id., 81 F.Supp. 357, appeal dismissed, 176 F.2d 419, certiorari denied, 338 U.S. 899, 900, 70 S.Ct. 250. To these may be added Bainum v. American Bridge Co. of New York, 3 Cir., 141 F. 179, and Hernan v. American Bridge Co., 6 Cir., 167 F. 930.[7] Without discussing these cases in detail, it is sufficient to say that I consider them persuasive authority for the conclusion herein reached. The concluding words in the Hartford opinion are particularly in point: "In conclusion I find that by reason of the matters and things hereinbefore recited, the New York corporation [the party intended to be sued] has voluntarily entered this court, through its duly constituted officers and agents and through them it has on full notice accepted service of process, and, filed its answers in these cases. The amendments prayed for are allowed * * *." [74 F.Supp. 795.]

Counsel for the Lavino defendant argues that the law of Delaware is applicable to the question raised by this motion and that under the Delaware authorities this amendment may not be allowed.

The leading and most recent Delaware case relied on by the defendant is Hackett v. Bethlehem. Steel Co., 5 W.W. Harr. 317, 35 Del. 317, 165 A. 332. There the plaintiff sued Bethlehem Steel Company, a corporation of the State of Pennsylvania, in a personal injury case. It appears that there was also a corporation of the same name incorporated in Delaware. After the statute of limitations had run, the plaintiff petitioned the court for leave to amend the declaration and other papers in the case by substituting as defendant the Bethlehem Steel Company, a corporation of the State of Delaware. The petition was denied, the court holding that the proposed amendment made a change of party, not merely a change of name. The court reached this conclusion largely upon the basis of earlier Delaware cases which it felt it had to follow. It is noteworthy, however, that the court saw fit to quote in its opinion extensively from the case of Hernan v. American Bridge Co., 6 Cir., 167 F. 930, which reached a different result upon a somewhat similar motion or petition. I think it not unreasonable to assume that the Delaware court meant to imply that if the factual situation had been more nearly like that in the Hernan case, it would have followed that case and would have allowed the amendment, for after quoting from the Hernan case it states that the facts there were obviously different and were more favorable to the plaintiff. It would appear, therefore, that under the local law, as expounded by the Delaware courts, the allowance of the amendment is dependent upon the particular facts of the case. In the Hackett case, the decision turned upon the bare fact that there were two existing corporations of substantially the same name and that the plaintiff sued the wrong one. The plaintiff's allegations of misrepresentations on the part of the defendant were specifically rejected.

In the Hackett case it would appear that the plaintiff knew at the time the action was brought that there were two corporations of similar names and that he selected

---

6. Herman v. American Bridge Co., 6 Cir., 167 F. 930, 938.

7. See also the reasoning of Stevenson v. Richardson County, Nebraska, D.C., 9 F.R.D. 437, 448.

the wrong corporation. The court said, "The plaintiff says his suit was brought against the Pennsylvania corporation by mistake, caused by similarity of corporate names, and the impossibility of telling, at the time, in what company's service the plaintiff was engaged at the time of his injury." [35 Del. 317, 165 A. 333.] In the present case it does not appear that two Lavino corporations were known to the plaintiff, but he was uncertain as to the exact name of the Lavino corporation doing a stevedoring business at the time of the accident.

In the Hackett case it would appear that service of the summons was made upon the agent of the real defendant and it seems implicit that it was not made on the agent of the corporation to be substituted by amendment. In the present case both corporations had the same agent upon whom service was made, the same president, and substantially the same officers. In the present case there were no positive misrepresentations by Lavino as to the correct name of the Lavino defendant, but after suit was brought and while the period of the statute of limitations was running, the defendant took certain actions which the plaintiff contends were effective in leading the plaintiff into believing that he had sued the stevedoring company by its proper name. Without passing specifically upon any action of the defendant, this case seems virtually to fall within the factual scope of the Hernan case, which seems, as has been observed, to have received the implied approval of the Delaware court. Furthermore, Delaware has recently adopted new Rules of Civil Procedure for its Superior Courts which are closely modelled upon the Federal Rules of Civil Procedure, 28 U.S.C.A. and include Rule 15 relating to amendments. This provides that leave to amend "shall be freely given when justice so requires." In view of all the circumstances, I am of the opinion that the Delaware courts, faced with the facts as here existing, would arrive at the conclusion that is herein reached.

I conclude that it is in the interest of justice that the present motion be granted. It is clear that it is becoming increasingly the policy of the law to determine the claims of litigants upon their merits and to disregard technicalities, as far as possible. The conclusion reached in this case is believed to be in harmony with that policy.

The Pennsylvania Railroad Company, one of the defendants, has indicated its assent to the granting of the plaintiff's motion.

An order in accordance with this opinion may be submitted.