Mary LONGSDORF and Charles Longsdorf, her husband, Plaintiffs,

v.

PENNSYLVANIA GREYHOUND LINES, Inc., a Delaware Corporation, Defendant.

Civ. A. No. 5559.

United States District Court
M. D. Pennsylvania.
July 23, 1956.

Nolan F. Ziegler and Richard Eisenhour, Harrisburg, Pa., for plaintiffs.

Metzger, Wickersham & Knauss, Harrisburg, Pa., for defendant.

FOLLMER, District Judge.

Plaintiffs' suit was instituted on the basis of an injury alleged to have been sustained by plaintiff, Mary Longsdorf, on March 19, 1954, while a passenger in a Greyhound bus which was involved in a collision in York County, Pennsylvania. The corporation involved at the time was the Pennsylvania Greyhound Lines, Inc., a corporation of the State of Delaware and a subsidiary of "The Greyhound Corporation" also a corporation of the State of Delaware.

On March 13, 1956, plaintiffs' counsel inquired of the Secretary of the Commonwealth of Pennsylvania and was informed that under the Pennsylvania Business Corporation Law a Certificate of Authority was on file to "Pennsylvania Greyhound Lines, Inc." (a Delaware Corporation).· Accordingly, on March 15, 1956, suit was instituted against the defendant under the above name.

On March 31, 1956, a Notice of Motion to Dismiss the Complaint was filed, to be brought on for hearing on May 7, 1956, alleging "that the Corporation named as defendant in the Complaint, to wit: 'Pennsylvania Greyhound Lines, Inc., a Delaware Corporation', is no longer in existence, said corporation having been dissolved on or about August, 1954, wherefore, the defendant named in the Complaint is a non-entity."

On May 4, 1956, the Secretary of the Commonwealth of Pennsylvania certified as follows:

"That on September 30, 1933, a Certificate of Authority was granted to 'Pennsylvania Greyhound Lines, Inc.' (a Delaware corporation) under the provisions of the Business Corporation Law approved May 5, 1933, P.L. 364, as amended.

"That this Certificate has not been surrendered nor revoked as of the date hereof."

It now appears that on May 31, 1955, the Greyhound Corporation, the parent corporation, owning all of the outstanding stock, merged its subsidiary "Pennsylvania Greyhound Lines, Inc.," and filed a Certificate of Ownership in the Office of the Secretary of the State of Delaware, but it did nothing in Pennsylvania, as above indicated.

The United States Marshal's return of service, made under the same misapprehension that the Greyhound busses were being operated under the old name, reads as follows:

"I hereby certify and return, that on the 16th., day of March 1956, I received this summons and served it together with the complaint herein as follows: March 16th., A.D. 1956 on the within Pennsylvania Greyhound Lines, Inc., by making personal service on Mr. Samuel Caldwell, Transportation Superintendent

478

and person in charge of the office of the Pennsylvania Grey Hound (sic) Lines, Inc., at his office, Penna., Railroad Station, Market Street, Harrisburg, Dauphin County and within the Middle District of Pennsylvania. Service was made by making known to the said Samuel Caldwell the contents thereof and leaving a true attest copy of the within Summons with Bill of Complaint attached with the said Samuel Caldwell for the within Pennsylvania Greyhound Lines, Inc."

Whatever was Pennsylvania Greyhound Lines, Inc., is now and was at the time of service the Greyhound Corporation; whatever was the liability of Pennsylvania Greyhound Lines, Inc., is now the liability of the Greyhound Corporation; whatever service was made was not upon Pennsylvania Greyhound Lines, Inc., which does not exist as a separate entity, but was upon the Greyhound Corporation and at the time of service it must have known it was the entity being sued. It was the plaintiff that was misled by the representation of an existing entity in the Office of the Secretary of the Commonwealth, and the Greyhound Corporation cannot claim prejudice by reason of its own conduct.

In Grandey v. Pacific Indemnity Co., 5 Cir., 217 F.2d 27, 29, the complaint named the defendant as Pacific Indemnity Insurance Company and incorrectly described it as incorporated in the State of Massachusetts. The company whose liability was involved was Pacific Indemnity Company, a California corporation. The court held that the misnomer of defendant could be corrected by amendment even after the limitation period had expired since defendant was not misled by the error and said: "* * *

1. See also Vol. 2 Moore's Federal Practice, 2nd Ed., Sec. 4.44, p. 1042; Williams v. Pennsylvania R. Co., D.C.Del., 91 F.Supp. 652; Sechrist v. Palshook, D.C.M.D.Pa., 97 F.Supp. 505; Hartford Accident & Indemnity Co. v. Interstate

this case is governed by the Federal Rules of Civil Procedure, particularly Rules 4(h) and 15, 28 U.S.C.A. * * *." [1]

A further point has been raised that the complaint does not contain the jurisdictional allegation "that the matter in controversy exceeds the sum or value of $3,000.00 exclusive of interest and costs." In the light of other allegations in the complaint, plaintiffs should have an opportunity to amend the complaint in this respect.

An order will be entered accordingly.

Equipment Corporation, D.C.N.J., 81 F. Supp. 357; United States v. A. H. Fischer Lumber Co., 4 Cir., 162 F.2d 872; Porter v. Theo. J. Ely Mfg. Co., D.C. W.D.Pa., 5 F.R.D. 317.