**Allan H. MELTZER, Pittsburgh, Pennsylvania, Plaintiff,**

**v.**

**HOTEL CORPORATION OF AMERICA, A corporation, Hotel Cleveland, Cleveland, Ohio, Defendant.**

**Civ. No. 34493.**

United States District Court
N. D. Ohio, E. D.

Nov. 23, 1959.

On Motion for Leave to Amend Complaint Jan. 26, 1960.

Elmer I. Schwartz, of Metzenbaum and Schwartz, Cleveland, Ohio, for plaintiff.

H. Stephen Madsen, of Baker, Hostetler & Patterson, Cleveland, Ohio, for defendant.

CONNELL, District Judge.

Defendant's motion for summary judgment is granted. Plaintiff, in opposing the motion for summary judgment, does not dispute the fact that the Hotel Corporation of America, the named defendant in this cause, did not own or operate the Hotel Cleveland, or have control of its lobby, at the time of the injury. Rather, he avers that since the hotel was actually operated by the Hotel Corporation of Cleveland, a wholly-owned subsidiary of the named defendant, it (the named defendant), by means of an evasive answer, sought to and did mislead the plaintiff as to the actual defendant who would be answerable in damages if negligence were proved, thereby causing the statute of limitations to run on any claim plaintiff might have had against the Hotel Corporation of Cleveland. Because of this alleged deception, plaintiff petitions this Court to treat defendant's answer as a voluntary appearance, and to estop defendant from denying the operation and control of its subsidiary, the Hotel Corporation of Cleveland, thus placing it within the jurisdiction of this Court for purposes of this cause of action.

Since the content and nature of defendant's answer is apparently the only material issue before the Court on this motion, a close examination of the pertinent pleadings is in order to see if they meet the requirements of the Federal Rules of Civil Procedure. Rule 8(b), 28 U.S.C.A., in material part, reads, "A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. * * * Denials shall fairly meet the substance of the averments denied. * * * Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, he may make his denials as specific denials of designated averments or paragraphs, or he may generally deny all the averments except such designated averments or paragraphs as he expressly admits. * * *"

Plaintiff's complaint consists of five paragraphs. Paragraph two, in its entirety, reads, "At all times herein mentioned defendant has operated a hotel, known as Hotel Cleveland, in the City of Cleveland, Ohio." Paragraph four, in pertinent part, reads, "Defendant had erected in the lobby of its said hotel a Christmas tree which had long branches and sharp points." (The remainder of

the paragraph is an averment of negligence in the maintenance of the tree.) Defendant's answer includes four separately numbered and stated defenses. Its second defense admitted certain allegations of the complaint, alleged that it was without knowledge or information sufficient to answer certain other allegations, and denied "each and every other allegation contained in plaintiff's complaint", which denial necessarily included paragraphs two and four in their entirety.

Thus, in a form patently approved by Rule 8(b), defendant completely and clearly controverted the allegations that it owned or operated the Hotel Cleveland at the time of the accident, and that it was responsible for the maintenance of the Christmas tree in the lobby. Although defendant's third and fourth defenses are based on the plaintiff's contributory negligence and assumption of risk, this does not support plaintiff in his claim that defendant answered evasively, for Rule 8(e), in pertinent part, reads, "A party may also state as many separate claims or defenses as he has regardless of consistency, and whether based on legal or on equitable grounds or both." Thus, although the several defenses might be considered inconsistent, they are clearly within the general intent of Rule 8.

The injury occurred on December 27, 1956. Defendant's answer was filed on May 29, 1958, ten days after the filing of the complaint. This gave the plaintiff nearly six months to avoid the tolling of the Ohio Statute of Limitations (R.C. § 2305.10) by inquiring as to the real party defendant, and instituting appropriate proceedings. That plaintiff failed to appreciate the significance of the complete denial of paragraphs two and four of the complaint cannot be attributed to any lack of clarity in the answer.

Since the pleadings and affidavits on file indicate clearly that the Hotel Corporation of America neither owned nor operated the Hotel Cleveland or its lobby at the time of the accident, there is no material issue of fact which would require the Court to hear the case on its merits. Counsel did not cite and the Court did not find any cases wherein, in the absence of peculiar circumstances, a parent corporation is liable for the torts of its wholly-owned subsidiary. Since the Court finds as a matter of law that defendant's answer was sufficiently clear so as to apprise plaintiff of defendant's true status regarding the cause before the Court, defendant's motion for summary judgment is granted.

### On Motion for Leave to Amend Complaint.

This action is before the Court upon a motion of plaintiff for leave to amend the complaint by correcting the name of the defendant to read "Hotel Corporation of Cleveland" rather than "Hotel Corporation of America". The injury to plaintiff, upon which this action is based, is alleged to have occurred on December 27, 1956 in the lobby of the Hotel Cleveland. On September 26, 1959, the defendant Hotel Corporation of America moved for summary judgment on the ground that it, at no time mentioned in the complaint, owned, operated or had any control of the Hotel Cleveland, but rather that it was the parent corporation of the wholly-owned subsidiary Hotel Corporation of Cleveland, which corporation was in complete control and operation of the Hotel Cleveland at the time of the alleged injury. This Court granted the motion for summary judgment in a memorandum order dated November 23, 1959. Because the Ohio Statute of Limitations (R.C. § 2305.10) for personal injuries of this nature is two years from the date the cause of action accrues, the issue squarely confronting the Court is this: Whether the effect of the proposed amendment of the complaint will merely correct a misnomer in the original complaint, or whether the proposed amendment, if allowed, will actually bring into the case a new party defendant that was not served with a summons or complained

against in the original action? If the former, then unquestionably the amended complaint would relate back to the date of the original complaint, thus avoiding any defense of the statute of limitations.[1] If the latter, then the complaint would not relate back and, in this instance, the cause would be barred by the statute of limitations.[2]

Initially, it should be noted that this Court's order granting Hotel Corporation of America's motion for summary judgment in no way controls the disposition of this motion. The status of that named defendant is not in issue presently. Rather, the problem confronting the Court is to determine whether the real party defendant received notice, at the time of the issuance of the summons and complaint, that a law suit was being instituted against it. The primary function of the complaint is to notify the party against whom relief is sought of the claim or cause of action asserted. De Franco v. United States, D.C.S.D.Cal.C.D.1955, 18 F.R.D. 156. If the party has been so notified, then it is difficult to see the prejudice to defendant in allowing the amendment of the complaint to conform to the realities of the law suit, regardless of the statute of limitations. Where the "defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist". New York Central & H. R. R. Co. v. Kinney, 1920, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294.

Did Hotel Corporation of Cleveland have notice of this law suit from its inception? The only reasonable con-

clusion is that it did. The caption of the original complaint was titled:

> HOTEL CORPORATION OF AMERICA,
> A corporation,
> HOTEL CLEVELAND,
> Cleveland, Ohio,
>                 Defendant.

Although a person versed in the niceties of modern pleading might have little trouble in appreciating that this caption named only the Hotel Corporation of America as defendant, to anyone else the use of capital letters in designating both Hotel Corporation of America and Hotel Cleveland might well indicate that two separate entities were being sued. Verification of this flows from the language used in the United States Marshal's return on service of summons.

> "I received this summons and served it together with the complaint herein as follows: at Cleveland, Ohio on the 19th day of May, 1958 I served the within named Hotel Corporation of America, a Corp. *and* Hotel Cleveland, by handing to Stanley Cox Comptroller a true and certified copy hereof with all indorsements thereon, together with a copy of the complaint." (Emphasis added.)

It is thus apparent that the United States Marshal believed the suit to be against the two defendants, even though he mistakenly believed that the correct appellation for the Hotel Corporation of Cleveland was "Hotel Cleveland". The records of the case indicate that Stanley Cox, the person accepting the service of process, was comptroller of the Hotel Corpo-

---

1. 'Rule 15(c), F.R.Civ.P. "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Hernan v. American Bridge Co., 6 Cir., 1909, 167 F. 930; Godfrey v. Eastern Gas &

Fuel Associates, D.C.Mass.1947, 71 F. Supp. 175.

2. Kerner v. Rackmill, D.C.M.D.Pa.1953, 111 F.Supp. 150; Sanders v. Metzger, D.C.E.D.Pa.1946, 66 F.Supp. 262; Royal Worcester Corset Co. v. White, D.C.Mass. 1941, 40 F.Supp. 267.

ration of Cleveland. There is no indication of his position, if any, with the Hotel Corporation of America. But at the least, he signed for the complaint while an agent of the Hotel Corporation of Cleveland, and the assumption seems warranted that the names in the caption of the complaint plus the language used in the marshal's service would cause a man of his position to give at least a cursory glance to the body of the complaint. Once done, there must have been no doubt in his mind that the corporation intended to be sued was the one in control and operation of the Hotel Cleveland on December 27, 1956; namely, the Hotel Corporation of Cleveland which employed Mr. Cox as Comptroller. Additionally, it has now come to the Court's attention that the attorneys who represent the Hotel Corporation of America also represent the Hotel Corporation of Cleveland, and, when they received a copy of the complaint from the parent corporation, must have realized that the caption "Hotel Corporation of America" was a misnomer purely and simply. Under the above-stated circumstances, it is difficult for the Court to conceive of a situation more appropriate for the application of Rule 15 of the Federal Rules of Civil Procedure, which explicitly states, "* * * leave (to amend) shall be freely given when justice so requires".

Although there are many cases which clearly seem to support such a decision,[3] it will be of little value to review them at length, for each decision must rest on the peculiar circumstances involved. However, the factual situation in Williams v. Pennsylvania R. Co., D.C.Del. 1950, 91 F.Supp. 652 so closely parallels the instant case, and the reasoning of Judge Rodney's opinion is so sound, that a brief resumé will be of some value. The original complaint alleged that E. J. Lavino and Company operated a stevedoring company at the Wilmington, Delaware, Marine Terminal, and that while so engaged, it, through its employees, negligently injured plaintiff. There, as here, the answer of the named defendant denied the operation of the business, and, by way of further answer, set up the defense of contributory negligence.[4] Service was made on the resident agent of E. J. Lavino and Co., who was also the resident agent of Lavino Shipping Company, the company actually engaged in the stevedoring business, and obviously the company whom the injured party intended to sue.[5] The court treated plaintiff's proposed amendment, which attempted to make Lavino Shipping Company the real party defendant, as merely correcting a misnomer in the complaint, despite the running of the statute of limitations. The Court stated:

"(T)his is not a matter of piercing the corporate veil, but of looking at the realities of the case. The defendant which the Plaintiff intended to sue is in reality before the court. * * * The prejudicial effect on the Lavino Shipping Company of the granting of the motion must necessarily be viewed as contrasted with the effect upon the plaintiff of the denial of the motion." 91 F.Supp. 655.

---

3. Grandey v. Pacific Indemnity Co., 5 Cir., 1954, 217 F.2d 27; Hernan v. American Bridge Co., supra note 1; Sechrist v. Palshook, D.C.M.D.Pa.1951, 97 F.Supp. 505; De Franco v. United States, D.C. S.D.Cal.C.D.1955, 18 F.R.D. 156; Hartford Acc. & Indemnity Co. v. Interstate Equipment Corp., D.C.N.J.1947, 74 F. Supp. 791, rehearing denied D.C., 81 F. Supp. 357, appeal dismissed 3 Cir., 176 F.2d 419, certiorari denied 338 U.S. 899, 70 S.Ct. 250, 94 L.Ed. 553; Godfrey v.

Eastern Gas & Fuel Associates, supra note 1.

4. The Hotel Corporation of America also set up the defense of assumption of risk.

5. There is no record in the instant case that Stanley Cox acted in any capacity as agent for the Hotel Corporation of America. If he were solely agent for the Hotel Corporation of Cleveland, this would seem to make the notice of the law suit even more certain than in the Williams case.

Since both the plaintiff in his motion to amend and the defendant in its brief in opposition raise the question of the effect on this motion of the Court's prior order that granted summary judgment to the Hotel Corporation of America, some brief comment is called for. At no time, either then or now, has the Court attempted to weigh or define the motives of the Hotel Corporation of America in the filing of its comparatively involved answer, when the mere denial of operation or control of the Hotel Cleveland would appear to have been sufficient. The prior order fully states the reasons which compelled the Court to grant summary judgment. But the mere fact that the attorneys for the plaintiff failed to appreciate the full scope of the defendant's answer does not alter the position of the Hotel Corporation of Cleveland in this case. To hold otherwise would be grossly unfair to the plaintiff, and would allow the real defendant to avoid its rightful obligation of answering for its negligence, if proved, through a technical error on the part of counsel for plaintiff, in a situation where the defendant has had notice of plaintiff's claim from the outset. Godfrey v. Eastern Gas & Fuel Associates, supra. It is clear that the increasing policy of the law, as manifested by the liberal interpretation and application of the Federal Rules, is to determine the claims of the litigants on their merits, and to disregard technicalities as far as justice allows. To do otherwise is to obviate the very purpose for which the Rules were intended.[6] Plaintiff's motion to amend is granted, with relation back to the time of the original complaint. The Hotel Corporation of Cleveland may, within thirty days after receipt of this order, file an answer to conform with its position as the true and proper defendant in this case.[7]

One further problem is raised by defendant in its brief in opposition. Defendant suggests that this motion is abortive in that shortly before it was filed, the plaintiff perfected his appeal of the above-mentioned order which granted summary judgment to the Hotel Corporation of America. Thus, it is claimed, this Court lost all jurisdiction of the case until such time as the case is remitted to the District Court for further proceedings. Authority cited for this proposition is 13 Cyclopedia of Federal Procedure § 62.02 (3d ed. 1952), and various cases cited in Peterman v. Indian Motorcycle Co., 1 Cir., 1954, 216 F.2d 289. These authorities, in substance, hold that the District Court cannot entertain motions by parties to a law suit, in which the court has entered a final judgment, which are filed after an appeal of such final judgment or order has been perfected by the aggrieved litigant. The obvious purpose of such a rule is to insure that the District Court will not render any subsequent judgments which could in any way interfere or conflict with the decisions of the reviewing tribunal. We do not conceive this situation to exist in the instant case. Here, plaintiff has amended his complaint to properly name the true defendant in this case, and thus avoided the defense of the statute of limitations which surely would have confronted him had he elected to initiate an entirely new law suit. The

---

6. "It does no good to have liberalizing rules * * * if, after they are written, their arteries are hardened by this Court's resort to ancient common-law concepts." Justice Black dissenting in Ackermann v. United States, 1950, 340 U.S. 193, 205, 71 S.Ct. 209, 215, 95 L.Ed. 207. See also, De Franco v. United States, supra note 3.

7. A problem not raised by either party, but one which the Court feels constrained to mention, concerns the applicability, if at all, of Ohio law to the legal issue raised in this motion. Without deciding whether this Court is presently bound by Ohio law, it is sufficient to show that in any event the courts of Ohio, when faced with a similar problem, have reached similar results. See Inman v. Radjevick, Ohio Com.Pl.1939, 31 N.E.2d 179; Boehmke v. Northern Ohio Traction Co., 1913, 88 Ohio St. 156, 157, 102 N.E. 700.

motion does not refer at all to the defendant against whom the appeal is being taken. Regardless of what action is taken on the pending appeal by the Court of Appeals, it is abundantly clear that the plaintiff has a cause of action against only one of the two parties, either the parent or the subsidiary corporation, and that there is no allegation, or even suggestion, that the alleged liability is joint as to the two defendants. Should the Court of Appeals decide that the Hotel Corporation of America is a proper party to this suit, the plaintiff, as a result of our decision on this motion to amend, would have to elect the defendant against whom it wishes to proceed.

Although the Court was unable to find a decision exactly on point with the instant situation, several cases strongly suggest that the result reached is correct.[8] Although in each of these the issue was reversed; that is, whether plaintiff could appeal from an order dismissing one or more of the defendants while the District Court continued to have jurisdiction of the remainder, the clear implication of the cases is that the court does not lose jurisdiction as to party-defendants that are not involved in the appeal when their liability in the case is several, and not joint. In fact, had the plaintiff's time sequence been reversed by filing the motion to amend first and then filing the appeal, the cited cases would have been strong authority for the plaintiff's right to appeal.

Neither the granting of plaintiff's motion to amend, nor any other judgment or order involving the newly-named defendant, can affect the decision of the Appellate Court on the matter presently before it. To wait until the Court of Appeals disposes of the appeal would be needlessly prolonging litigation in a case already stretching over a period of twenty months.

8. Siegmund v. General Commodities Corp., 9 Cir., 1949, 175 F.2d 952; Curtis v. Connly, 1 Cir., 1920, 264 F. 650, affirmed 1949, 257 U.S. 260, 42 S.Ct. 100, 66 L.

Ed. 222; Bankers' Trust Co. v. Missouri, K. & T. Ry. Co., 8 Cir., 1918, 251 F. 789.