**Marie C. BOATMAN, Plaintiff,**

v.

**Dann G. THOMAS, Defendant.**

Civ–70–190.

United States District Court,
M. D. Pennsylvania.

Jan. 8, 1971.

Patrick H. Fierro, Fierro & Miele, Williamsport, Pa., for plaintiff.

Alvan Baird, Williamsport, Pa., for defendant.

OPINION

MUIR, District Judge.

This case arises out of an automobile accident in Pennsylvania in which the Defendant, a New York resident, was involved. Suit was instituted against the Defendant under the name of Dann G. Thomas. His name actually is George Thomas Dann. The United States Marshall mailed the summons and complaint to the Secretary of the Commonwealth as agent for the Defendant, and to the Defendant under the misnomer. The postal receipt was executed by "Mrs. George M. Dann" on behalf of the Defendant.

Defendant moves to dismiss under Rule 12(b) (5), Fed.R.Civ.Pro., on the ground that there has been improper service. Defendant contends that to allow an amendment under Rule 4(h), Fed.R.Civ.Pro., would prejudice him since the Statute of Limitations has run.

In Grandey v. Pacific Indemnity Co., 217 F.2d 27 (5th Cir. 1954), the complaint named the defendant as Pacific Indemnity Insurance Company and incorrectly described it as incorporated in the State of Massachusetts. The company whose liability was involved was Pacific Indemnity Company, a California corporation. The court held that the misnomer of defendant could be corrected by amendment even after the Statute of Limitations had run since defendant was not misled by the error and the defendant should not be permitted to take advantage of a mere misnomer that injured no one.

Faced with a similar set of facts in United States v. A. H. Fischer, 162 F.2d 872 (4th Cir. 1947), the late great Chief Judge Parker observed:

"A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has ful-

filled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else."

Professor Moore accurately stated the rule as follows:

"The test should be whether on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person." 2 Moore, Federal Practice, § 4.44, p. 1295.52.

This test was adopted by this court in Longsdorf v. Pennsylvania Greyhound Lines, 148 F.Supp. 476 (M.D.Pa.1956). Applying it to the facts of the instant case, it is clear that Plaintiff should be entitled to amend. Defendant, regardless of the misnomer, was certainly put on notice that a lawsuit had been instituted against him. Accordingly, we find that he will not be prejudiced by allowing amendment.

An Order will therefore be entered denying the motion to dismiss.