## Kearney v. Lloyds of Pennsylvania, Inc.

*Anthony Piazza,* for plaintiffs.
*James McDonough,* for defendants.

KOSIK, *P.J.,* January 16, 1980—This case is before the court on the preliminary objections of defendant, Classic Designs, Inc., trading as Lloyds of Pennsylvania, to plaintiffs' complaint. Joseph and Jeanne Kearney commenced this action in trespass and assumpsit, charging defendant with negligence and breach of warranty in its construction of a house for them.

Classic Designs, Inc. was a Pennsylvania corporation whose existence was terminated by a certificate of voluntary dissolution on January 20, 1977. Service of process was not made upon Mr. Robert Lloyd until February 16, 1979 when he was served in Bethlehem, Pa. The Business Corporation Law of May 5, 1933, P.L. 364, art. XI, sec. 1111, as amended, 15 P.S. §2111, provides that suit against a dissolved corporation must be brought and service of process made before or within two years after the date of dissolution. Defendant challenges this court's jurisdiction to hear the action since service was not made within the statutory period.

On December 18, 1978 the Sheriff of Northampton County issued a return of service that Lloyds of Pennsylvania could not be found in that county. The deposition of Mr. Robert Lloyd, the

president of Classic Designs, indicates that the address of that corporation was changed several times. The initial registered address was 3173 Center Street, Bethlehem, up to 1969. The corporation was then located at 1461 Roselawn Drive in Bethlehem until late 1970 or early 1971. Thereafter, Classic Designs' registered address was at Box 83A, Northampton County. Mr. Lloyd admitted that he was unsure whether the Commonwealth's Department of State was advised of these changes. A copy of the Articles of Dissolution filed by the Corporation in December of 1975 lists its registered office as 3173 Center Street, the original incorporating address. Furthermore, in spite of Mr. Lloyd's assertion that the Roselawn Drive location was no longer used after early 1971, the purchase order signed by the parties in July 1972 refers to that address.

## DISCUSSION AND CONCLUSIONS

Section 1111 of the Business Corporation Law, 15 P.S. §2111, was designed to protect the rights of creditors of a corporation in the event of dissolution. The dissolved corporation is deemed to continue to exist for two years after dissolution for the purpose of suit against it. Service of process should be made in the same manner as if the dissolution had not taken place: 7 Goodrich-Amram 2d §2180:3.

Pa.R.C.P. 2180(a)(2), which is therefore applicable, permits service of process at "any office or usual place of business of the corporation. . . . " Service would have been proper at either the registered office of the corporation, as provided by 15 P.S. §1306, or at any location where it was "doing business." It is unclear what the registered office of the corporation was during late 1978 or early 1979, because Mr. Lloyd was not sure whether formal

notice of any of the changes of address was given to the Department of State under 15 P.S. §1307. Another indication of the confusion about the corporation's location is that the articles of dissolution listed an address that Mr. Lloyd claimed had not been used by Classic Designs for several years. Furthermore, the exhibits attached to the depositions show that the letterhead on the corporation's stationery in July 1972 referred to an address that it had left one and one-half years earlier.

The record in this case reveals a confusing and misleading situation with regard to the address of the corporation, and that this quandary was the result of the actions of Mr. Lloyd. Having misled plaintiff as to its whereabouts, Classic Designs cannot claim prejudice by reason of its own conduct: Longsdorf v. Pennsylvania Greyhound Lines, Inc., 148 F. Supp. 476 (M.D. Pa. 1956). Accordingly, we conclude that the service was valid and that this court has jurisdiction to hear the case.

## ORDER

Now, January 16, 1980, it is hereby ordered, adjudged, and decreed, that the preliminary objections of defendant are overruled. Defendant shall be given 20 days to file an answer.